**Clinton W. LOVE, Sr. and Rose Mary Love, husband and wife, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 94–35346.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 1995.

Decided July 21, 1995.

Robert M. Kampfer, Great Falls, MT, and Paul J. Petit, Missoula, MT, for plaintiffs-appellants.

Paul F. Figley and Ned W. Greenberg, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.

Before: WRIGHT, BOOCHEVER and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge.

Clinton and Rose Mary Love brought suit against the United States and various federal agents seeking damages resulting from the manner in which their farm equipment and livestock were foreclosed upon by the Farmers Home Administration (FmHA). The Loves asserted claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80. The district court granted summary judgment on the *Bivens* claim, holding that the federal agents were entitled to qualified immunity. After a bench trial on the FTCA claim, the district court awarded judgment in favor of the government. *Love v. United States,* 844 F.Supp. 616 (D.Mont.1994). The Loves appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## A. FACTS

The Loves are Montana farmers who had loans outstanding from the FmHA with a total indebtedness of over $1.2 million. The Loves were members of a class of FmHA borrowers who were plaintiffs in a suit against the FmHA in the United States District Court in North Dakota. That court granted a preliminary injunction in favor of the national class plaintiffs on November 14, 1983. *Coleman v. Block*, 580 F.Supp. 192 (D.N.D.1983). This injunction required the FmHA, before it foreclosed on property, to give its borrowers notice of their right to a hearing to establish eligibility for a repayment deferral. A permanent injunction was entered on February 17, 1984. *Coleman v. Block*, 580 F.Supp. 194 (D.N.D.1984). An exception to the permanent injunction permitted the FmHA to: "take the necessary steps to protect the secured property" when "that property [was] at substantial risk of irreparable injury." *Id.* at 211.

The Loves defaulted on their FmHA loans. They also defaulted on a secured contract to buy real property from Jack Sharp, and on a secured loan from the First Security Bank of Malta (Bank of Malta). They filed a voluntary bankruptcy petition in November 1983. The bankruptcy court lifted the automatic stay so that the FmHA, Jack Sharp and the Bank of Malta could foreclose their security interests. Sharp's security was land on which the Loves had operated a farm.

When the automatic stay was lifted, Sharp regained possession of his land. He asked the Loves to remove some pigs and machinery they had apparently abandoned on the property. Sharp then informed the FmHA he would assess charges beginning July 1, 1984 for any of the Loves' property remaining on his land after that date. On July 5, 1984, a FmHA supervisor visited the site and found the pigs and machinery abandoned. The pigs were in bad shape and the machinery was deteriorating. The FmHA sold the pigs "as is" to a local farmer; a few days later the FmHA repossessed the machinery. The machinery was eventually sold at an auction of which the Loves had actual notice. All proceeds from the sale of the pigs and machinery were properly credited to the Loves' outstanding debt.

## B. DISCUSSION

### 1. The FTCA Claim

The Loves predicate much of their FTCA claim on what they allege to be the government's violation of the *Coleman* injunction. They contend that when the FmHA repossessed and foreclosed their property, without giving them notice of the option of a loan deferral, the government committed the tort of conversion. We reject this argument.

The breach of a duty created by federal law is not, by itself, actionable under the FTCA. *Baker v. United States*, 817 F.2d 560, 566 & n. 6 (9th Cir.1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845, 101 L.Ed.2d 882 (1988); *Chen v. United States*, 854 F.2d 622, 626 (2d Cir.1988); *Art Metal–U.S.A. Inc. v. United States*, 753 F.2d 1151, 1157–58 (D.C.Cir.1985). To recover under the FTCA, the Loves must show the government's actions, if committed by a private party, would constitute a tort in Montana. 28 U.S.C. § 2674; *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989).

The district court found the Loves were not entitled to a loan repayment deferral. *Love*, 844 F.Supp. at 623. This finding is not clearly erroneous; therefore, the FmHA's failure to give notice of the possibility of such a loan deferral violates no duty either under federal or Montana law. Because it does not, the Loves cannot succeed on their FTCA claim under their loan deferral theory.

The Loves also contend the government converted their pigs and machinery when the FmHA took these chattels from the Sharp property and sold them. It is undisputed, however, that the FmHA held a security interest in these chattels and the Loves were in default in repayment of their FmHA loans. In Montana a secured creditor may take possession of loan collateral upon default "without judicial process." Mont.Code Ann. § 30–9–503. Because the FmHA lawfully took possession of the chattels, it did not convert them. *See Lane v. Dunkle*, 231

Mont. 365, 753 P.2d 321, 323 (1988) (describing elements of conversion). Thus, there was no conversion under Montana law, and the Loves cannot succeed under this theory on their FTCA claim.

## 2. The *Bivens* Action

■ The Loves argue that the *Coleman* injunction proclaimed a clearly established right that they were entitled to notice of the option of a loan repayment deferral, and that by repossessing and selling their property without first giving them this notice, the FmHA agents violated the Loves' clearly established federal right.

An indispensable component of this argument is that the federal agents violated the *Coleman* injunction. If they did not, it makes no difference whether the injunction proclaimed a clearly established right under federal law.

The undisputed facts establish as a matter of law that the FmHA agents did not violate the injunction. The injunction had an exception. The FmHA could "take the necessary steps to protect the secured property," "where the borrower has totally abandoned [the] secured property and that property is at substantial risk of irreparable injury." *Coleman*, 580 F.Supp. at 211. The Loves had abandoned the pigs and machinery, those chattels were in danger of irreparable injury, and the FmHA agents did what was necessary to protect the FmHA's security interest in the chattels. Therefore, the FmHA agents acted properly under the exception to the *Coleman* injunction.

Because we find the *Coleman* injunction was not violated, we do not reach the Loves' contention that the injunction proclaimed clearly established federal law. *Cf. McBride v. Taylor*, 924 F.2d 386 (1st Cir.1991) (holding *Coleman* injunction is not clearly established law).

## C. CONCLUSION

The Loves have not shown the government's actions would constitute a tort in Montana. Therefore, we affirm the district court's judgment for the United States on the Loves' FTCA claim.

The FmHA agents did not violate the *Coleman* injunction, and the Loves have not otherwise shown that the agents violated any of the Loves' rights under the Constitution or federal law. Therefore, we affirm the district court's summary judgment on the *Bivens* claim.

AFFIRMED.