Tommy J. EATON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 98–3999.

United States Court of Appeals, Seventh Circuit.

Submitted April 22, 1999.

Decided May 21, 1999.

Tommy J. Eaton (submitted), Milwaukee, WI, for Petitioner–Appellant.

Thomas P. Schneider (submitted), Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

In 1993 the defendant pleaded guilty to a federal drug offense and was sentenced to 72 months in prison. The sentencing judge declined to order the defendant to pay the costs of his confinement, finding him unable to pay. In April of last year, toward the end of his term, he entered into a written agreement with the Bureau of Prisons to transfer him from prison to a halfway house in exchange for his paying the Bureau, out of his earnings (since he could work at a regular job while at the halfway house), the cost of his confinement in the halfway house. He was transferred pursuant to the agreement and the Bureau began deducting 25 percent of his wages. Several months later he moved the sentencing court for a return of the deducted wages and an injunction against future deductions, on the grounds that his agreement with the Bureau of Prisons had been procured by duress and also violated the sentencing judge's waiver of the costs of confinement. The court denied the motion on the merits, and the defendant appeals.

The district court had no jurisdiction to consider the motion. The Bureau's decision to transfer Eaton to the halfway house was not judicially reviewable. 18 U.S.C. § 3625. Since he was not challenging his sentence (on the contrary, he was relying on it as the basis for his challenge to the Bureau's action), he could not proceed under 28 U.S.C. § 2255. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). Habeas corpus could get him nowhere; while a claim to be entitled to release from a more to a less restrictive form of custody is within the scope of the

habeas corpus statute, *In re Pischke*, 178 F.3d 497 (7th Cir.1999); *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir.1995); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991), Eaton was transferred to the halfway house before he filed his motion, which mooted the claim. *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998).

■ The Federal Rules of Criminal Procedure do not make provision for the type of motion that Eaton has made, and his failure to exhaust administrative remedies precludes relief under the Federal Tort Claims Act, as does the fact that he is challenging discretionary action by the Bureau. 28 U.S.C. § 2680(a); *Bailor v. Salvation Army*, 51 F.3d 678, 685 (7th Cir. 1995); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469–70 (10th Cir.1992). Or at least he *appears* to be challenging discretionary action. Conceivably, he could recast his claim as one for conversion, if he could show that it was *so* obvious that deducting his wages violated the terms of his sentence that the deduction was not an exercise of discretion by the Bureau, but a simple theft. *Preston v. United States*, 776 F.2d 754, 756 (7th Cir. 1985); *Love v. United States*, 60 F.3d 642 (9th Cir.1995). No such showing has been made; and he would still have to exhaust his administrative remedies before he could litigate such a claim under the Tort Claims Act. Still another possibility is a suit for rescission under 28 U.S.C. § 1346(a)(2); although ordinarily the plaintiff in such a case must restore the benefit he has received from the contract that he wants to rescind (which Eaton obviously cannot do, having accepted the transfer to the halfway house and completed his term there), this is not always required. E.g., *Meyer v. Ludvik*, 680 P.2d 459, 467 (Wyo. 1984); *First National Bank v. Pepper*, 454 F.2d 626, 635 (2d Cir.1972). Finally, Eaton might have refused the transfer to the halfway house and then challenged his continued confinement in more restricted conditions in a petition for habeas corpus. He didn't follow that route either.

The suit should have been dismissed for want of jurisdiction, leaving Eaton to try again if he can satisfy any of the jurisdictional prerequisites that we have sketched for his guidance and that of other prisoners having monetary claims against the Bureau of Prisons. As modified to place dismissal on jurisdictional grounds, the judgment is

AFFIRMED.