UNITED STATES of America,
Plaintiff–Appellee,

v.

Ryan RAMNARACE, Defendant–Appellant.

No. 01–3354, 02–1784.

United States Court of Appeals,
Seventh Circuit.

Submitted June 5, 2002*.

Decided June 14, 2002.

Rehearing and Rehearing En Banc
Denied July 17, 2002.

---

* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary, and the appeals are submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

Order

Ryan Ramnarace was sentenced to 224 months' imprisonment after he pleaded guilty to conspiring to possess and distribute cocaine and marijuana. See 21 U.S.C. §§ 846, 841(a)(1). His appellate counsel seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he cannot find any non-frivolous issue. Ramnarace was notified under Circuit Rule 51(b) and has filed a supplemental brief identifying issues that he believes are not frivolous.

Because Ramnarace has not suggested that he wants to withdraw his guilty plea and go to trial, it is unnecessary to consider whether arguments to that end might be available. See *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). As for sentencing: the presentence report concluded that Ramnarace's relevant conduct includes 12.6 kilograms of cocaine, and this figure (which the district court adopted) has no potential as an appellate issue because in the district court Ramnarace expressly withdrew any objection to the calculation, thus waiving any appellate argument on the subject. See *United States v. Redding,* 104 F.3d 96, 99 (7th Cir.1996). Nor does *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), offer any opening for argument. Ramnarace's sentence was less than 240 months, the statutory maximum for distributing the smallest quantity of cocaine, see 21 U.S.C. § 841(b)(1)(C), and after *United States v. Cotton,* — U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), it would not be tenable to argue that the indictment was jurisdictionally defective even though the sentence falls under the statutory cap.

 Ramnarace himself argues that his 224–month sentence *does* exceed the statutory maximum because the indictment charges him with conspiring to distribute both cocaine and marijuana. The maximum for this offense, he contends, should be five years, the lower maximum for marijuana. See 21 U.S.C. § 841(b)(1)(D). If proceedings in the district court had left ambiguous the question whether Ramnarace distributed any cocaine, this would

provide a bona fide issue for appeal, given the disagreement between this court and the second circuit about its proper resolution. Compare *United States v. Edwards*, 105 F.3d 1179 (7th Cir.1997), affirmed, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), with *United States v. Zillgitt*, 286 F.3d 128 (2d Cir.2002). But it was not left open, or even left for the district judge to resolve under the preponderance standard. When pleading guilty, Ramnarace *admitted* dealing in *both* marijuana and cocaine. An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case. See *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

■ Ramnarace received an enhancement under U.S.S.G. § 3B1.1(b) for his managerial role in an organization with five or more participants. He conceded at sentencing that the conspiracy met the numerosity requirement but objected to the enhancement for a supervisory role. Given the evidence, which shows that he directed other participants when and where to pick up and deliver drugs, enlisted another conspirator to collect drug debts and had still another feed him information so that he could manage the organization from a county jail, any argument that the district judge's decision was clearly erroneous or an abuse of discretion would be frivolous. True, some of this evidence was contested, but the district judge was entitled to resolve that contest in the prosecutor's favor without committing clear error. *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

While his direct appeal (No. 01–3354) was pending in this court, Ramnarace filed in the district court a motion for access to certain grand jury material—particularly the form that would indicate whether twelve grand jurors voted to approve the indictment. The district court denied this motion, and Ramnarace appealed. That appeal has been docketed as No. 02–1784. We now consolidate it with No. 01–3354 and dispose of the matter summarily. Given the guilty plea, it is hard to see how technical flaws in the indictment could matter. See not only *Broce* but also, e.g., *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). There is, moreover, a deeper problem: the lack of subject-matter jurisdiction.

Once a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule. See, e.g., *Carlisle v. United States*, 517 U.S. 416, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996). Enforcing this norm in criminal cases is vital, we held in *Eaton v. United States*, 178 F.3d 902 (7th Cir.1999), in light of changes made by the Sentencing Reform Act of 1984, which created a system of determinate sentences. One fundamental adjustment made by that statute is to curtail the district judge's power to revise a judgment after its entry. Under Fed.R.Crim.P. 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Other avenues of post-judgment relief also have strict time limits, as *Carlisle* discusses. Two kinds of motions have longer limitations—a Rule 33 motion for new trial based on evidence calling into question the defendant's culpability, and collateral attack under 28 U.S.C. § 2255. Because Ramnarace pleaded guilty, Rule 33 is unavailable to him (and grand jurors' votes would not in any event be the sort of evidence to which that rule refers). And he did not style his motion as one under § 2255—nor would it be appropriate for us to do so, and thus cost him the one collat-

eral attack to which he is entitled as of right.

 What Ramnarace relied on is Fed. R.Crim.P. 6(e)(3)(C)(i)(II), which provides that grand jury material may be disclosed "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury". But it is too late for Ramnarace to move to dismiss the indictment; he gave up that opportunity by pleading guilty. See also Fed. R.Crim.P. 12(f). A district court lacks jurisdiction to resolve a post-sentencing (and post-appeal) motion to dismiss the indictment, so it lacks supplemental jurisdiction to entertain requests for information that might be used to support such a motion. If the grand jury material that Ramnarace wants would support a request for relief under § 2255, he can seek it in connection with a collateral attack under that statute. But we urge Ramnarace to think carefully before rushing to the district court with a § 2255 motion in a renewed effort to obtain the documents. A defendant who files and loses a § 2255 motion must meet stringent standards in order to pursue a second, and *Mechanik* makes it very unlikely that the information Ramnarace wants could lay the groundwork for collateral relief.

Counsel's motion to withdraw is granted, and appeal No. 01–3354 is dismissed as frivolous. On appeal No. 02–1784, the decision of the district court is vacated, and the matter is remanded with instructions to dismiss for want of jurisdiction.