UNITED STATES of America,

v.

Illie Steve FULLER, Defendant.

No. CR. 93–45–P–C.

United States District Court,
D. Maine.

July 10, 2002.

Anne H. Jordan, Norman, Hanson & Detroy, Portland, ME, for Steve Fuller.

William H. Browder, Jr., Jonathan R. Chapman, Office of the U.S. Attorney, Portland, ME, for U.S.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER OF SUPERVISED RELEASE JURISDICTION

GENE CARTER, District Judge.

Before the Court is Defendant's Motion for Transfer of Supervised Released *[sic]* Jurisdiction (Docket No. 30). The undisputed facts are that Defendant has been present at the Pharos House facility in Portland, Maine, at the designation of the Bureau of Prisons ("BOP"), to complete a six (6) months community confinement portion of the incarceration term imposed on Defendant by the Judgment herein (Docket No. 17), as that term has now twice been reduced to reflect Defendant's ongoing assistance to the Government's law enforcement activities. *See* Docket Nos. 22 and 27. The subject motion seeks an "[o]rder transferring [Defendant's] terms of supervised release to the Tampa, Florida area and permit[ting] him to serve

out the balance *of his sentence* under the supervision of that office." Motion for Transfer at 3. (Emphasis added.)[1] The United States Probation Office ("USPO") for the Middle District of Florida declined Defendant's request, through the Bureau of Prisons, that he be designated to Florida for execution of his community confinement portion of his incarceration term of sentence, and the BOP denied his request for such designation and designated him to Pharos House in Portland, Maine, for execution of that part of his term of incarceration. The record does not indicate on what authority that was done, but the Court assumes that the BOP acted in reliance on 18 U.S.C. § 3621(b).

## I.

■ The Court is satisfied that to the extent the motion seeks an order of this Court changing the place of execution of Defendant's current term of community confinement as part of his original sentence of incarceration, the Court is without jurisdiction to consider the motion. That decision by the Bureau of Prisons is not judicially reviewable. *Eaton v. United States,* 178 F.3d 902, 903 (7th Cir.1999) (Posner, C.J.). The motion in that respect challenges discretionary activity of the BOP. *Id.* at 904; *see also* 18 U.S.C. § 3625 (shielding decisions under § 3621 from judicial review under the Administrative Procedure Act, 5 U.S.C.A. § 701 *et seq.*);

*United States v. Montenegro–Vasquez,* 1995 WL 766396 (D.Or.1995) (holding that under the doctrine of *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1980), judicial review of the exercise of such discretionary authority cannot be accomplished even through the medium of *federal habeas corpus* under 28 U.S.C. § 2255).

## II.

■ Defense counsel invokes the terms of 18 U.S.C. § 3605 as a basis for the relief requested in the motion. It provides:

**Transfer of jurisdiction over a probationer**

A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605. On its face, that statute grants the Court authority to change the district of execution of terms of probation *or of supervised release.* Here, Defendant

---

1. With a delicacy of finesse to be admired, defense counsel's structuring of the request for relief in the motion telescopes what are two separate, disparate questions into what appears to be a single issue. As the following text will show, Defendant is not currently on supervised release, but is still within the jurisdiction of the Bureau of Prisons. Defense counsel relies upon the provisions of 18 U.S.C. § 3605 for the requested relief. As pointed out in the text, however, that section of the statute gives the Court jurisdiction only over its own term of supervised release, but

articulates the existence of no authority over the conditions of execution of the sentence of incarceration. Accordingly, the Court's analysis in the text breaks the request for relief down into its two properly cognizable segments: (1) jurisdiction over the conditions of Defendant's execution of the term of incarceration and (2) the separate question of the exercise of discretionary authority by the Court over the conditions and circumstances of Defendant's execution of the term of supervised release.

is not yet on supervised release and will not be so until January 2003. The Court **CONCLUDES** that it is premature to determine at this time the district that should have jurisdiction over the execution of this Defendant's term of supervised release which will not commence until January 2003. Further, the Court is not persuaded that Defendant's concerns for his safety are realistic enough to justify a precipitous decision requiring his removal from the state of Maine. As was demonstrated in the course of his cross-examination, two of the individuals he has concern about are currently serving lengthy federal prison sentences, and he is not even sure if the third person whom he identified as a cause for concern is present in the state of Maine.

This Defendant was sentenced as a Career Offender as the result of drug trafficking conduct involving over nine hundred twenty-six (926) grams of cocaine. Memorandum of Sentencing Decision (Docket No. 16) ¶ I.A.(a) at 1. He had, as of the time of sentencing, a record of criminal convictions warranting the assessment, for sentencing purposes under the Guidelines, of fifteen (15) Criminal History Points. *Id.* at 2. Both his prior criminal history and the offense conduct that is the basis for his current incarceration are of the most serious, significant kind. He is a defendant who will be in need of constant and effective supervision and oversight if his rehabilitation is to be achieved once he enters upon supervised release. It is doubtful that at this stage a district judge in the Middle District of Florida, if asked to approve the acceptance of Defendant's supervision there, would, in the face of the position taken by his own USPO, approve the transfer. This Defendant is just too charged a human particle to permit even the contemplation of his commencing his term of supervised release in Florida in circumstances where the USPO for the District of Maine could offer no meaningful

supervision. Any decision that would permit that to occur would invite, if not assure, the failure of any effort to be expected of him to effect his rehabilitation.

The circumstances of his formation and maintenance of a relationship with Ms. Donna Osborne are troubling to the Court in the extreme and do not, in the Court's judgment, reflect favorably on his rehabilitation or the likelihood thereof. The Court has little confidence, having observed Ms. Osborne's testimony, that the resumption of that relationship would be productive of anything other than risk to Defendant's rehabilitation and harm to Ms. Osborne.

Finally, the position of the United State Probation Office for the Middle District of Florida, in insisting that Defendant establish a track record of compliance with the conditions of supervised release in Maine before being allowed to remove himself to Florida and resume his relationships with his Florida contacts, is a thoroughly reasonable one.

Accordingly, the motion is hereby **DENIED**.

So **ORDERED**.