In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1315

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DOUGLAS E. CAMPBELL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 95-CR-63-C—**Barbara B. Crabb**, *Chief Judge.*

SUBMITTED MARCH 11, 2003—DECIDED MARCH 27, 2003

Before EASTERBROOK, ROVNER, and EVANS, *Circuit Judges.*

PER CURIAM. Douglas Campbell is serving a term of 245 months' imprisonment following his plea of guilty to an indictment charging him with conspiracy to distribute methamphetamine. We affirmed his conviction almost four years ago, see *United States v. Campbell*, No. 96-1676 (7th Cir. May 11, 1999) (unpublished order), and likewise affirmed the district court's decision rejecting his collateral attack under 28 U.S.C. §2255, see *Campbell v. United States*, No. 00-3533 (7th Cir. Oct. 16, 2001) (unpublished order). This has not dissuaded Campbell from continuing to file motions, however. The one now

at issue seeks disclosure of testimony before, plus information about, the grand jury that indicted him.

Campbell originally sought grand jury material while his appeal from the denial of collateral relief was pending. He told the district judge that what he sought—transcripts of all testimony and the attendance records of the grand jurors—would (he believed) show not only that the grand jury heard improper evidence but also that his sentence under 21 U.S.C. §841(b) is invalid because the indictment charges a conspiracy in violation of 21 U.S.C. §846. The district judge denied this motion, observing that by pleading guilty Campbell waived any opportunity to challenge the process of his indictment. After we affirmed the district court's order denying collateral relief, Campbell renewed his motion, this time contending that he could use grand jury materials in seeking review by the Supreme Court. Again the judge said no. The United States moved to dismiss Campbell's appeal from this decision, contending that the request for grand jury materials amounts to a disguised, and forbidden, second collateral attack. A motions panel rejected this argument, ruling that a prisoner may seek grand jury materials even when they can not be used to support collateral relief. See *United States v. Campbell*, 294 F.3d 824 (7th Cir. 2002). The panel concluded that the request for grand jury materials initiated a civil case, for which civil filing and docket fees must be paid. After a remand so that the district court could assess and collect these fees, Campbell's appeal is back for decision on the merits.

To obtain grand jury material, despite the presumptive secrecy imposed by Fed. R. Crim. P. 6(e), a litigant must show that the information "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover

only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Campbell does not satisfy these requirements. He pleaded guilty, which waives any challenge to the indictment or other matters preceding the plea, see *United States v. Broce*, 488 U.S. 563 (1989), and at all events has used up the single collateral attack to which a prisoner is entitled. There is accordingly no other judicial proceeding in which the grand jury materials could be used to avoid injustice. What is more, Campbell's observation that the indictment mentioned §846 and not §841(b) not only comes too late but also does not require anyone to peer behind the surface of the charge. Finally, Campbell did not try to tailor his request; a demand for all transcripts of all testimony is a fishing expedition, which Rule 6(e) forbids. The district court's decision accordingly is

                                                        AFFIRMED.

EASTERBROOK, *Circuit Judge*, concurring.  But for the law of the case, I would vote to vacate the district court's decision and remand with instructions to dismiss for want of jurisdiction. Campbell's motions are exactly what the prosecutor called them: poorly disguised successive collateral attacks, designed to evade 28 U.S.C. §§ 2244(b) and 2255 ¶8. The district court accordingly lacked jurisdiction to entertain them. See *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996). The only way around this would be to conclude that, despite the caption on the pleadings and the request for relief *in* the criminal case, Campbell really has initiated a stand-alone civil suit whose sole objective is a copy of the grand jury mate-

rials. There are multiple problems with that characterization. Campbell has made it pellucid that he thinks that the information will facilitate a quest for freedom; he does not want to conduct an academic study of how grand juries work! Anyway, if this is a stand-alone case, what is the source of subject-matter jurisdiction? Unless Rule 6(e), like the Freedom of Information Act, permits people to seek federal documents for their own sake, 28 U.S.C. §1331 will not serve. Yet no one thinks that Rule 6(e) is a parallel to the FOIA; it is a rule of secrecy, not a command of disclosure. A demand for access to grand jury materials is not an independent claim arising under federal law; the litigant must want some relief independent of discovery. That's one point of *Douglas Oil*. The only relief Campbell wants—a shorter term in prison, if not outright release—requires another collateral attack and thus is outside the district court's jurisdiction.

Our motions panel dealt with the jurisdictional problem by stating flatly that Rule 6(e) is *itself* a fount of subject-matter jurisdiction. It did not cite any authority for that proposition, and there is none to be found. The rule does not purport to create jurisdiction to conduct stand-alone civil litigation; like the rest of the criminal rules, it specifies procedures for use in criminal prosecutions. See Fed. R. Crim. P. 1(a) ("These rules govern procedure in all criminal proceedings" in federal court). One might as well say that Civil Rules 26-37 supply subject-matter jurisdiction over any suit in which the plaintiff wants discovery, for these rules go well beyond Criminal Rule 6(e) in providing for disclosure of information held by one's adversary. Yet all of these rules were promulgated by the Supreme Court under the Rules Enabling Act, which authorizes "general rules of practice and procedure". 28 U.S.C. §2072(a). Nothing in the Act suggests that the federal judiciary may grant itself subject-matter jurisdiction to hear and decide cases under principles (such as Rule 6) that likewise are of judicial creation.

Now it is true that Rule 6(e)(3)(E) (formerly Rule 6(e)(3)(C)) permits a district court to authorize disclosure of grand jury material for use in other judicial proceedings, subject to a long list of restrictions. When a person wants to employ the grand jury material in other litigation, then subject-matter jurisdiction for this flavor of third-party discovery is supplemental to the jurisdiction to resolve that other suit. Campbell cannot take advantage of this principle, because there is no pending or impending litigation; his criminal conviction has been affirmed, and his collateral attack is over. Nothing remains except a free-standing request for transcripts, which lacks any jurisdictional footing. Many decisions hold that there *must* be some other proceeding to obtain disclosure under Rule 6(e)(3)(E). See, e.g., *United States v. Baggot*, 463 U.S. 476 (1983); *McDonnell v. United States*, 4 F.3d 1227, 1247-48 (3d Cir. 1993); *American Friends Service Committee v. Webster*, 720 F.2d 29, 71 (D.C. Cir. 1983); *United States v. Tager*, 638 F.2d 167, 171 (10th Cir. 1980); *Doe v. Rosenberry*, 255 F.2d 118 (2d Cir. 1958) (L. Hand, J.). See also Charles Alan Wright & Arthur R. Miller, 1 *Federal Practice & Procedure* §109 (1980). Our motions panel cited *Baggot*, but apparently without recognizing its significance: that if there is no other judicial proceeding in which the grand jury material is urgently required, Rule 6(e)(3)(E) is inapplicable.

Once a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule. See, e.g., *Carlisle v. United States*, 517 U.S. 416 (1996). Enforcing this norm in criminal cases is vital, we held in *Eaton v. United States*, 178 F.3d 902 (7th Cir. 1999), in light of changes made by the Sentencing Reform Act of 1984, which created a system of determinate sentences. One fundamental adjustment made by that statute is to curtail the district

judge's power to revise a judgment after its entry. Under Fed. R. Crim. P. 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Other avenues of post-judgment relief also have strict time limits, as *Carlisle* discusses. Two kinds of motions have longer limitations— a Rule 33 motion for a new trial based on evidence calling into question the defendant's culpability, and collateral attack under 28 U.S.C. §2255. Campbell has had his collateral attack, and the time limit for motions under Rule 33 has passed. The district judge therefore lacks jurisdiction to continue hearing motions in the criminal prosecution, and there is no civil case that could supply supplemental jurisdiction. The next time a prisoner makes a request such as Campbell's, we should take a fresh look at the jurisdictional issue.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*