NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 10, 2009
Decided January 7, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-4290

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> SUNDAY O. AYANGADE, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:08CR00019-001 <br><br> Sarah Evans Barker, <br> *Judge*. |

**O R D E R**

Sunday Ayangade was charged under the International Parental Kidnapping Crime Act with interfering with the parental rights of his former wife by removing their two children from the United States. 18 U.S.C. § 1204. Despite ongoing marriage-dissolution and custody proceedings in Indiana state court, Ayangade took the children to Nigeria and gave his brother legal guardianship over them under Nigerian law. Upon his return to the United States, Ayangade was arrested, pleaded guilty to one charge of parental kidnapping, and received a sentence of 24 months' imprisonment and a $ 2,000 fine. Ayangade filed a notice of appeal, but his appointed attorney is unable to find a nonfrivolous basis for the appeal and has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Ayangade responded to the motion with a short letter generally disagreeing with his

conviction and sentence. That leaves us, then, with only the potential issues identified in counsel's facially adequate supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Ayangade has told counsel that he wants his guilty plea set aside, counsel first addresses whether there is any basis to challenge the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). But Ayangade did not seek to withdraw his plea in the district court, so we would examine the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007).

Counsel initially considers whether Ayangade might challenge the voluntariness of his plea when the district court did not wholly comply with Rule 11 of the Federal Rules of Criminal Procedure in conducting the plea colloquy. First, the district court did not warn Ayangade that his statements under oath could subject him to perjury charges. FED. R. CRIM. P. 11(b)(1)(A). But Ayangade was not harmed by the omission because he is not facing perjury charges. *See United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Second, Ayangade was not informed of his right to a government-appointed lawyer. FED. R. CRIM. P. 11(b)(1)(D). But that rule informs a party merely of his right to appointed counsel "if necessary." *Id*. When Ayangade pleaded guilty he was represented by privately obtained counsel, so appointed counsel was not necessary, and the omission was harmless. *See United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988). Last, the court did not tell Ayangade that he had the right to testify and present evidence at trial. FED. R. CRIM. P. 11(b)(1)(E). But the court did advise Ayangade he did not have to testify if he did not want to and could subpoena witnesses to testify. From this Ayangade could infer that he could choose to testify and present evidence at trial, and Ayangade does not claim to have been unaware of these rights. The court's failure to say more does not rise to the level of plain error. *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). We agree with counsel that any challenge to the plea colloquy would be frivolous.

Counsel next examines whether Ayangade could challenge the court's failure to grant his motion to dismiss the indictment because there were insufficient facts to establish an offense and the kidnapping statute was unconstitutionally vague. But Ayangade's plea waived on appeal any challenge to the indictment. *See United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009); *United States v. Campbell*, 324 F.3d 497, 499 (7th Cir. 2003).

Counsel also examines whether Ayangade could argue that the government breached the plea agreement by asking the court to sentence him "to the fullest extent of the law" rather than recommend a within-range sentence, as set forth in the agreement. The district court, though, construed the government's request as recommending a sentence at the high end of—but *within*—the guidelines range, and the government confirmed this

interpretation. Accordingly, we agree that the government did not breach the agreement by seeking a within-range sentence.

Counsel next evaluates whether Ayangade could argue that the district court erred in applying a 3-level upward adjustment under U.S.S.G. § 2J1.2(b)(2) on the ground that Ayangade's kidnapping offense resulted in a substantial interference with the administration of justice. The court applied this adjustment because Ayangade's removal of the couple's children from the United States interfered with the ongoing marriage-dissolution and custody proceedings in Indiana state court. By taking the children out of the country and refusing to return them to Indiana, Ayangade effectively prevented the state court from entering any enforceable orders giving Ayangade's wife custody or visitation rights. Counsel considers whether Ayangade could argue that his conduct was not enough to constitute a substantial interference with the administration of justice, but we would agree with the Second Circuit that an upward adjustment under § 2J1.2(b)(2) is appropriate when the defendant, by taking or retaining his child outside the country, interfered with a state court's ability to decide where and with whom the child should reside. *See United States v. Hasan*, 586 F.3d 161, 169 (2d Cir. 2009); *United States v. Amer*, 110 F.3d 873, 885 (2d Cir. 1997).

Counsel also examines whether Ayangade might argue that the court's sentence of 24 months' imprisonment was improper because it exceeded the maximum sentence of 21 months recommended by the guidelines. But a sentence outside the guidelines is permissible if it conforms to the sentencing factors under 18 U.S.C. § 3553(a) and the court provides compelling justification for the increase. *United States v. Gooden*, 564 F.3d 887, 890-91 (7th Cir. 2009). Here the court adequately substantiated the three-month increase by explaining that Ayangade compounded the degree of harm by giving his brother guardianship over the children, thereby putting them beyond the reach of their mother in any way.

Last, counsel examines whether Ayangade could challenge the court's imposition of a $ 2,000 fine because it was below the minimum recommended fine of $ 4,000. We have noted, however, "[i]t is hard to conceive of below-range sentences that would be unreasonably high." *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). We agree with counsel that Ayangade would have no basis to contest his sentence.

Accordingly, the motion to withdraw is GRANTED, and the appeal is DISMISSED.