NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHIRLEAN FANT RAND,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
DONALD J. TRUMP; UNKNOWN
PARTIES,

Defendants-Appellees.

No. 22-16257

D.C. No. 2:21-cv-01220-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted October 10, 2023**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Shirlean Fant Rand appeals pro se from the district court's judgment

dismissing her action alleging various claims, including under the Federal Tort

Claims Act ("FTCA").  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo.  *Dugard v. United States*, 835 F.3d 915, 918 (9th Cir. 2016) (dismissal of FTCA claim); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 749 (9th Cir. 2009) (dismissal under absolute immunity).  We affirm.

The district court properly dismissed Rand's claims against President Trump on the basis of absolute immunity.  *See Nixon v. Fitzgerald*, 457 U.S. 731, 749-53 (1982) (explaining that a president is absolutely immune from "damages liability predicated on his official acts").

The district court properly dismissed Rand's FTCA claims because Rand failed to establish that she could state viable claims against a private individual under like circumstances under applicable state law.  *See Dugard*, 835 F.3d at 918-919 (the FTCA provides a limited waiver of the United States' sovereign immunity where the government would be liable under analogous state law); *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) ("[P]laintiff bears the burden of persuading the court that it has subject matter jurisdiction under the FTCA's general waiver of immunity."); *see also Love v United States*, 60 F.3d 642, 644 (9th Cir. 1995) ("The breach of a duty created by federal law is not, by itself, actionable under the FTCA.").

The district court did not abuse its discretion in denying Rand leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of

22-16257

review and stating that leave to amend may be denied where amendment would be futile).

We reject as unsupported by the record Rand's contentions that she was entitled to a default judgment against defendants.

**AFFIRMED.**

22-16257