51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Josef VIERECKL, Defendant-Appellant.
 No. 94-1960.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 6, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1991, Josef Viereckl was convicted of five counts of tax evasion and five counts of failure to file federal tax returns. See 26 U.S.C. Secs. 7201, 7203. He did not appeal his conviction. In 1994, Viereckl filed a motion with the district court requesting the transcripts of the grand jury proceedings. The district court denied the motion and the motion to reconsider without explanation. Viereckl appealed, and we now affirm.
 
 
 2
 The government argues that because Viereckl's right to challenge his conviction via direct appeal has long since expired, the district court was without jurisdiction to entertain the motion. We disagree.
 
 
 3
 Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(i) and (D), a petition for disclosure of matters occurring before the grand jury may be filed with the district court where the grand jury convened. Disclosure may be made "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i). The language of the rule does not limit disclosure of grand jury testimony solely for use in criminal trials following the return of indictments by the grand jury.[1] In fact, much of the case law discussing Rule 6(e) concerns disclosure requests for use of the grand jury transcripts in cases related to, but not directly ensuing from a grand jury indictment. United States v. Baggot, 463 U.S. 476 (1983) (after defendant pleaded guilty to misdemeanor violations, United States moved for disclosure of grand jury transcripts to determine the defendant's civil income tax liability); Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979) (plaintiffs in civil antitrust action petitioned for disclosure of grand jury transcripts involving previous criminal investigation which led to the conviction of the defendants); State of Wisconsin v. Schaffer, 565 F.2d 961 (7th Cir.1977) (accused in Wisconsin criminal prosecution sought federal grand jury transcripts relating to the same murder with which she was charged in state court). Accordingly, we conclude that the district court had jurisdiction over Viereckl's request. See also United States v. Miramontez, 995 F.2d 56 (5th Cir.1993) (defendant's request for grand jury transcripts, which followed the affirmation of his conviction on direct appeal and the denial of postconviction relief, was civil in nature; request denied on the merits). We have jurisdiction over this appeal because the district court's decision constitutes a final decision pursuant to 28 U.S.C. Sec. 1291. Schaffer, 565 F.2d at 965 n. 1 (an order denying a petition, based on Rule 6(e), which resolves all of the issues in the case is appealable as a final decision of the district court).
 
 
 4
 Nonetheless, Viereckl's motion was properly denied. To preserve the proper functioning of the grand jury system, the proceedings have traditionally been veiled in secrecy which may be broken only through a showing of compelling need. Douglas Oil, 441 U.S. at 218-19. Specifically, the petitioner must show that the use of the disclosed material will be "related fairly directly to some identifiable litigation, pending or anticipated," and that there is a particularized need for the material. Baggot, 463 U.S. at 479-80. Viereckl has not made either showing.
 
 
 5
 Although the remedy of postconviction relief may still be available to Viereckl, neither his request to the district court nor his appellate brief makes any mention of his intention to pursue such relief or to initiate any other type of litigation. More importantly, however, Viereckl fails to demonstrate that the material is needed to avoid a possible injustice, that the need for disclosure is greater than the need for continued secrecy, and that his request is structured to cover only the material that is needed. Douglas, 441 U.S. at 222. In his appellate brief, Viereckl merely predicts that the transcripts will show that an error occurred in the grand jury proceedings. Bald allegations of prosecutorial misconduct and a general assertion that "[i]n the minds of many ... the Grand Jury ... is now little more than a rubber stamp for the prosecution" without any attempt to relate his need for the transcripts to the facts of his case is simply inadequate.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). None of the parties filed such a statement, and therefore the appeal is submitted on the briefs and the record
 
 
 [1]
 Cf. Fed.R.Crim.P. 6(e)(3)(C)(ii) (allowing disclosure when permitted by a court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury)