**In re SEALED CASE**

**No. 99–3024.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 2, 1999.

Decided Jan. 4, 2000.

Theodore J. Boutrous, Jr. argued the cause and filed the brief for appellants.

Before: EDWARDS, Chief Judge, ROGERS and TATEL, Circuit Judges.

Opinion for the Court filed by Chief Judge EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Appellants in this case, a group of news organizations, seek to require the District Court to establish a public docket of grand jury ancillary proceedings to facilitate greater access to information emanating from the grand jury. The District Court denied appellants' request for a generic rule requiring public docketing of all grand jury matters. Appellants now appeal the judgment of the District Court.

This is the second time that this case has come before this court. In *In re Motions of Dow Jones & Co.*, 142 F.3d 496 (D.C.Cir.1998) ("*Dow Jones*"), this court held that there is no First Amendment right of access to grand jury ancillary proceedings. *See id.* at 502–04. The decision in *Dow Jones* also made it clear that appellants have neither a statutory right, apart from Federal Rule of Criminal Procedure 6(e), nor a common law right of access to matters before the grand jury. *See id.* at 504. The only issue left unresolved in *Dow Jones* was the meaning of the District Court's Local Criminal Rule 6.1 (formerly Local Rule 302, hereafter referred to as "Rule 6.1"). Because Rule 6.1 "provides a limited means for disclosing non-secret" grand jury matters, *id.* at 504, the court in *Dow Jones* remanded the case to the District Court to consider the feasibility of a redacted public docket for grand jury ancillary proceedings. On remand, the District Court declined to establish an open docket for all grand jury related motions. The District Court held that it was under no legal obligation to establish a generic rule, and, further, that such a rule would be unduly burdensome to administer to no good end. *See Mem. Order* at 3–5, Jan. 20, 1999, *reprinted in* Joint Appendix

("J.A.") 116, 118–20. Appellants appeal this order, asking that we overturn the District Court's decision, or, in the alternative, that we ensure that, pursuant to Rule 6.1, press and other media organizations are allowed to file motions for public docketing in individual cases.

The District Court's judgment denying appellants' request for a generic rule requiring public docketing of all grand jury related matters is affirmed. There is no constitutional, statutory, or common law right requiring such a rule; indeed, by their own admission, appellants acknowledge that there is not even a widespread practice of public docketing of grand jury matters in the federal courts in the United States. In these circumstances, it would be presumptuous, at best, for this court to re-write the District Court's local rules covering access to materials before the grand jury.

The appellants' alternative request for relief is less troublesome, for it finds support in Rule 6.1. Reasonably construed, Rule 6.1 says that, with respect to grand jury ancillary proceedings, when a party makes a request for a redacted docket in a specific case, the District Court will duly consider the request and will, if it denies the request, offer some explanation. Any denial must, of course, be based on something more than the justification that explains the denial of across-the-board docketing. Rule 6.1 would be heartless without the possibility of such an *ad hoc* procedure, so we have no doubt that the District Court will entertain such requests as they arise.

## I. BACKGROUND

The events giving rise to this appeal are fully recounted in *Dow Jones*, so we will only briefly discuss the facts. Early in 1998, Independent Counsel Kenneth Starr convened a grand jury to consider evidence relating to matters that eventually led to presidential impeachment proceedings. *See Dow Jones*, 142 F.3d at 497–98.

The grand jury spawned a flood of ancillary proceedings as witnesses challenged subpoenas and objected to various aspects of the investigation. Under Local Civil Rule 40.7(3), these ancillary proceedings were held before the Chief Judge. Although grand jury proceedings themselves are entirely secret, proceedings ancillary to the grand jury are subject to slightly different rules. The Federal Rules of Criminal Procedure require "matters affecting a grand jury proceeding to be closed to the extent necessary to prevent disclosure of matters occurring before a grand jury." FED.R.CRIM.P. 6(e)(5). Local Criminal Rule 6.1, in turn, provides that

> [p]apers, orders and transcripts of hearings subject to this rule, or portions thereof, may be made public by the court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury.

L.CR.R. 6.1.

The press and other media services, quite predictably, sought access to ancillary proceedings and related documents emanating from the grand jury convened by the Independent Counsel. Motions were filed with the District Court requesting access to certain proceedings and also asking the District Court to establish procedures, including a public docket of all ancillary proceedings, to facilitate media access. The District Court, however, denied media requests to establish special "procedures relating to public access to judicial proceedings and records." Order, March 18, 1998, *reprinted in* J.A. 68 (internal quotation marks omitted). The media appealed, arguing "that the blanket closure of judicial proceedings and the failure to provide procedural safeguards prior to closure violate the First Amendment." *Dow Jones,* 142 F.3d at 499 (internal quotation marks omitted).

The court in *Dow Jones* recognized that, under federal and local rules, ancillary proceedings that do not reveal " 'matters oc-

curring before the grand jury' " need not be closed. *Id.* at 501 (citation omitted). Most importantly, however, the decision in *Dow Jones* held that the First Amendment does not require the District Court to open grand jury ancillary proceedings. Rather, the court noted, Rule 6.1 "gives [the press] the most it could expect from its constitutional claim." *Id.* at 500.

Rule 6.1 addresses motions and orders relating to proceedings ancillary to the grand jury, providing that such matters "shall be filed under seal" and that "[a]ll hearings on matters affecting a grand jury proceeding shall be closed." L.CR.R. 6.1. However, the rule also provides that matters "may be made public by the court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." *Id.* Thus, Rule 6.1 "provides a limited means for disclosing non-secret matters." *Dow Jones,* 142 F.3d at 504; *see also id.* at 501 (noting that Local Criminal Rule 6.1 "appears to mean only that, as an initial matter, all proceedings relating to the grand jury shall be closed, subject to an order opening the proceedings"). Given the possibility of access afforded by Rule 6.1, the court in *Dow Jones* questioned whether the District Court should establish an administrative rule or procedure ensuring a redacted public docket of grand jury ancillary proceedings. Noting that the District Court had not explained the lack of a public docket, the court remanded the case for further consideration.

On remand, the District Court declined to establish a public docket of "materials filed in connection with any grand jury proceedings." Mem. Order, Jan. 20, 1999 at 1, *reprinted in* J.A. 116 (internal quotation marks omitted). The District Court noted the importance of "secrecy to the proper functioning of the grand jury system." *Id.* at 2, *reprinted in* J.A. 117. Because of the need for secrecy, the court pointed out, any public docket would of necessity have to be "nondescriptive" to

"protect[ ] the identities of subpoenaed witnesses and targets." *Id.* at 4, *reprinted in* J.A. 119. Such a non-descriptive docket, the District Court held, would be of only limited utility to the media while imposing undue administrative burdens on the trial court. The District Court concluded that the administrative burdens, combined with possible threats to grand jury secrecy, militated against a public docket for all grand jury ancillary proceedings. Therefore, the District Court ruled that it would "not waste either its or the news organizations' time and resources by establishing such a docket." *Id.* at 5, reprinted in J.A. 120. The appellants appealed.

## II. ANALYSIS

Appellants argue that, under this court's decision in *Dow Jones,* the District Court must establish a public docket for all grand jury ancillary proceedings. Appellants thus seek an order from this court requiring the District Court to maintain such a public docket. Appellants are self-servingly generous in their reading of *Dow Jones,* for the decision simply does not mandate the result here sought. Indeed, as appellants' counsel was forced to concede at oral argument, the request for a generic rule requiring public docketing for all grand jury ancillary matters is completely unprecedented; and, in our view, the request is also unsupported and unavailing. We therefore affirm the District Court's judgment on this score. Appellants' alternative request—to allow parties to file motions pursuant to Rule 6.1 to request public docketing in specific cases—is unnoteworthy, for it seeks nothing more than what the rule already provides.

### A. Public Docketing of All Ancillary Grand Jury Proceedings

■ We begin by noting the extraordinary nature of appellants' request: mandatory public docketing of grand jury ancillary proceedings is virtually unknown in the federal courts. Appellants concede that they can point to no "practice" in the federal courts imposing such a requirement on district courts. And the decision in *Dow Jones* plainly establishes that there is no constitutional, statutory, or common law principle requiring such public docketing.

Appellants argue that, despite the absence of legal authority, we should take the uncharted step of imposing a requirement of public docketing on our District Court, because the courts have upheld rights of public docketing and access in other situations not involving grand jury matters. *See* Br. for Appellants at 15–17. It is true that the courts have required public docketing in some judicial proceedings. *See, e.g., United States v. Valenti,* 987 F.2d 708, 715 (11th Cir.1993) (finding a public docket was necessary to protect the public's and the media's constitutional rights of access to criminal proceedings); *Washington Post v. Robinson,* 935 F.2d 282, 289 (D.C.Cir.1991) (holding that motions to seal plea agreements, for which there is a First Amendment right of access, must be publicly docketed); *In re State–Record Co.,* 917 F.2d 124, 128–29 (4th Cir.1990) (requiring public docketing of a criminal proceeding because of the constitutional right of access); *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.,* 898 F.2d 1371, 1377 (8th Cir.1990) (ordering court to produce a redacted public docket of a sealed case to protect at least a common law right of access); *Stone v. University of Maryland Med. Sys. Corp.,* 855 F.2d 178, 181 (4th Cir.1988) (requiring district court to maintain a public docket where parties have at least a common law right of access to proceedings); *In re Knoxville News–Sentinel Co.,* 723 F.2d 470, 475–76 (6th Cir.1983) (admonishing district court to publicly docket motions to seal proceedings where there is at least a common law right of access). However, this legal authority does not hold, or even suggest, that there must also be public docketing of grand jury ancillary proceed-

ings. As appellants readily concede, the grand jury context is unique. It is because of their unique status that grand jury processes are not amenable to the practices and procedures employed in connection with other judicial proceedings.

There is a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm. *See, e.g., Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *In re Sealed Case*, 151 F.3d 1059, 1069–71 (D.C.Cir.1998). Indeed, as the Supreme Court has noted, the grand jury is not even a part of the judicial system. See *United States v. Williams*, 504 U.S. 36, 47, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) ("[T]he grand jury is an institution separate from the courts."). The theory "of its function is that it belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people." *Id.* That function depends on "maintain[ing] the secrecy of the grand jury proceedings in the federal courts." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). As the Court noted, "[s]ince the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil*, 441 U.S. at 218 n. 9, 99 S.Ct. 1667.

■ Unlike typical judicial proceedings, grand jury proceedings and related matters operate under a strong presumption of secrecy. *See In re Sealed Case*, 151 F.3d at 1069–71 (holding that the sanctity of the grand jury process justified an exception to the general rule of discovery in civil proceedings); *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 509–10 (1st Cir. 1989) (holding that blanket sealing of all grand jury records was justified, because grand jury context, unlike other judicial proceedings, is presumptively closed); *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records*, 864 F.2d

1559, 1563 (11th Cir.1989) (holding that the rule of holding an open hearing before deciding to close proceedings did not apply in the grand jury context). The cases cited by appellants, involving situations other than grand jury ancillary proceedings, are therefore inapposite.

In the instant case, involving grand jury ancillary proceedings, appellants have a limited right of access pursuant to Rule 6.1. As noted above, Rule 6.1 provides that when "continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury," ancillary proceedings may be made public. L.Cr.R. 6.1. The District Court has held that a mandatory public docket is not required by the rule, and that to impose such a rule would be unduly burdensome. We have no good reason to second-guess the District Court's interpretation of its own rule, especially since we review the District Court's decision for abuse of discretion. *See Federal Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67 (D.C.Cir.1997) (reviewing District Court's decision under local rule for abuse of discretion). It cannot be said here that the District Court abused its discretion in failing to promulgate a generic rule, beyond the compass of Rule 6.1, requiring a public docket for all grand jury ancillary proceedings. Accordingly, the judgment of the District Court is affirmed on this point.

## B. Alternative Procedure for Redacted Public Docketing in Specific Cases

■ As an alternative to mandatory public docketing in all cases involving grand jury ancillary proceedings, appellants request a procedure whereby a party may file a motion pursuant to Rule 6.1 seeking a redacted public docket in a specific case. This alternative request for relief raises no momentous issue, because the rule itself already allows for that which is being sought.

Appellants' principal concern here is that they be given a right to request public docketing in specific "high-profile" cases.

Counsel for appellants admitted that there is no realistic possibility that the media ever will be unaware of grand jury proceedings in a high-profile case. History defies any such claim. Thus, appellants cannot reasonably assert that they are unduly handicapped without a public docket for *all* grand jury ancillary proceedings. Rather, they merely contend that a rule requiring public docketing in all cases might facilitate media attempts to uncover matters before a grand jury. This is hardly a justification for an interpretation of Rule 6.1 beyond its terms. In point of fact, as counsel acknowledged, the media invariably knows when to request a public docket in a specific case; as a consequence, appellants are able to take full advantage of the limited right of access afforded by Rule 6.1 without the imposition of a public docket covering all grand jury ancillary proceedings.

When a party makes a request under Rule 6.1 for a redacted public docket in a specific proceeding, the District Court must duly consider the request and, if it denies the request, offer some explanation. The District Court's explanation must bear some logical connection to the individual request. In other words, it must rest on something more than the administrative burdens that justified the denial of across-the-board docketing, and it must be more substantial than, say, an arguable possibility of leaks. This approach is fully consistent with Rule 6.1; indeed, the rule would make little sense without the possibility of such an *ad hoc* procedure.

This alternative remedy was not directly addressed by the District Court, because the matter was never pursued on remand by appellants. Our decision here does not usurp the legitimate administrative control that the District Court exercises over its own docket. Rather, we simply agree with appellants that Rule 6.1 means what it says in providing a limited right of access with respect to grand jury ancillary proceedings in which continued secrecy is not necessary to prevent disclosure of matters before the grand jury.

### III. CONCLUSION

The judgment of the District Court is affirmed insofar as it rejects appellants' request for a generic rule requiring public docketing of all grand jury ancillary proceedings. The case is hereby remanded for further proceedings, as may be necessary, consistent with the foregoing opinion.