In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-1315

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DOUGLAS CAMPBELL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 95-CR-0063-C-07—**Barbara B. Crabb**, *Chief Judge.*

DECIDED JUNE 20, 2002

Before BAUER, RIPPLE, and EVANS, *Circuit Judges.*

PER CURIAM. Although styled as a motion to dismiss this appeal, the government requests that we summarily vacate the judgment of the district court and remand with instructions to dismiss for lack of jurisdiction. As we explain in this opinion, we deny the government's motion, but remand to the district court for the limited purpose of assessing an initial partial appellate filing fee for the appellant.

In 1995, appellant Douglas Campbell pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to a 245-month prison term. His written plea agreement preserved

only his right to challenge his sentence on appeal, which he did, but unsuccessfully. *See United States v. Campbell*, No. 96-1676, 1999 WL 313767 (7th Cir. May 11, 1999) (unpublished). After we affirmed his sentence, Campbell moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that it violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied relief, and we affirmed. *See Campbell v. United States*, No. 00-3533, 2001 WL 1246646 (7th Cir. Oct. 16, 2001) (unpublished), *cert. denied*, 122 S. Ct. 851 (2002).

While his appeal from the denial of his § 2255 motion was pending in this court, Campbell moved the district court for an order directing disclosure of matters occurring before the grand jury that indicted him. The district court denied the motion on the grounds that Campbell failed to demonstrate sufficient need for the information and had waived any possible challenges to his indictment by pleading guilty. Three weeks later, after we affirmed the denial of his § 2255 motion, Campbell moved the district court to alter or amend its order denying disclosure of grand jury information. Campbell stated that he needed the grand jury information to demonstrate purported illegal acts committed by the government before the grand jury, and that he intended to use this information in support of a petition for a writ of certiorari in the Supreme Court. The district court denied the motion, concluding again that Campbell had long since waived any error in his indictment.

Campbell filed a notice of appeal along with requests for a certificate of appealability and to proceed on appeal in forma pauperis. The district court denied the certificate of appealability as unnecessary because Campbell was not appealing from an order denying a motion to vacate his conviction and sentence. The district court granted Campbell's application to proceed in forma pauperis, however. The court stated that he had established his indigence in ear-

lier proceedings and was not subject to the restrictions on in forma pauperis proceedings in civil actions and appeals by prisoners enacted as part of the Prison Litigation Reform Act because "he is not appealing a judgment in a civil action . . . but an order in a criminal proceeding."

The government asserts that the district court lacked jurisdiction to entertain Campbell's motion for disclosure of grand jury matters on two grounds. First, the government argues that the motion was closely related to Campbell's § 2255 proceedings and thus should have been construed as an unauthorized second or successive collateral attack and dismissed. *See* 28 U.S.C. § 2244(c)(3); *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Second, the government argues that there existed no jurisdictional basis for bringing such a motion in the district court. In the government's view, Campbell's motion was simply a tardy request for discovery under Federal Rule of Criminal Procedure 16 that Campbell waived by not making it before trial. *See* Fed. R. Crim. P. 12(b)(4).

We disagree. First, Campbell's motion did not request any relief from his criminal conviction or sentence—his motion requested only disclosure of what took place before the grand jury that indicted him. It was not an attack on the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); *cf. Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999) (filings in the first collateral attack may be treated as "second or successive" petitions when the first has been fully adjudicated, a final judgment has been entered, and the prisoner advances new theories of relief). Although the government is correct that Campbell may well intend to use the grand jury disclosure in support of his collateral attacks, the request itself does not seek relief from his conviction or sentence.

Second, there exists a jurisdictional basis for requesting disclosure of grand jury matters. Rule 6(e)(3)(C)(i)(I) of the Federal Rules of Criminal Procedure provides that matters occurring before the grand jury may be disclosed "when so directed by a court preliminarily or in connection with a judicial proceeding." The rule allows motions for disclosure of grand jury matters after the conclusion of criminal proceedings to be filed in the district court where the grand jury convened—although disclosure is available only where the material is related directly to identifiable litigation, pending or anticipated, and the party requesting the information demonstrates a *compelling* need for the material.[1] *See United States v. Baggot*, 463 U.S. 476, 480 n.4 (1983); *Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 564-67 & n.9 (1983); *Douglas Oil Company of California v. Petrol Stops Northwest*, 441 U.S. 211, 222-25 (1979); *Dennis v. United States*, 384 U.S. 855, 870 (1966); *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993). Orders denying motions for disclosure under Rule 6(e) are appealable as final decisions under 28 U.S.C. § 1291. *Wisconsin v.*

---

[1] We emphasize "compelling" because disclosure under Rule 6(e) is a rare exception to the rule that grand jury proceedings are closed to the public. Disclosure is appropriate only where the party seeking disclosure demonstrates that his need for the information outweighs the public interest in grand jury secrecy, and the public interest in the sanctity of the grand jury is strong, indeed. *See Matter of Grand Jury Proceedings, Special September 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991) ("to overcome these interests, the standard for determining when the traditional secrecy of the grand jury may be broken is deliberately stringent: parties seeking disclosure of grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed"); *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000) (citing cases).

*Schaffer*, 565 F.2d 961, 965 n.1 (7th Cir. 1977); *In re Grand Jury 95-1*, 118 F.3d 1433, 1436 (10th Cir. 1997); *United States v. Miramontez*, 995 F.2d 56, 59 n.4 (5th Cir. 1993).

Although we deny the government's motion, we observe that the district court applied an incorrect standard in granting Campbell permission to proceed without prepayment of filing fees on appeal. The district court concluded that this matter was a criminal proceeding, and as such was not subject to the restrictions on in forma pauperis proceedings by prisoners. *See* 28 U.S.C. § 1915(a)(2); *Robbins v. Switzer*, 104 F.3d 895, 896 (7th Cir. 1997). We have recognized, however, that proceedings such as this one are not criminal, *see United States v. Viereckl*, No. 94-1960, 1995 WL 150583, at *1 (7th Cir. Apr. 6, 1995) (unpublished), and one court of appeals has affirmatively held in a published opinion that motions under Rule 6(e) are civil, not criminal, and thus are subject to the procedural rules governing civil cases. *See Miramontez*, 995 F.2d at 58; *see also United States v. Calleja*, No. 01-7674, 2002 WL 24034, at *1 (4th Cir. Jan. 9, 2002) (holding same in unpublished order).

Prisoners seeking to appeal judgments in civil actions must pay the full amount of the appellate filing fees. 28 U.S.C. § 1915(b)(1); *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997). If a prisoner is granted permission to proceed in forma pauperis on appeal, the district court must assess and, when possible, collect an initial partial filing fee as well as monthly payments on the balance until the entire fee is paid. 28 U.S.C. § 1915(b)(1), (2).

Accordingly,

IT IS ORDERED that the motion to vacate and remand with instructions to dismiss is DENIED.

IT IS FURTHER ORDERED that this case is REMANDED to the district court for the limited purpose of assessing an

initial partial filing fee for the appeal. The clerk of the district court shall notify this court when the partial fee has been collected.

IT IS FINALLY ORDERED that the clerk of this court shall transmit the record on appeal to the clerk of the district court, and we request that the clerk of the district court retransmit the record on appeal to this court upon the issuance of the district court's order in response to our limited remand.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*