# In the

# United States Court of Appeals

## For the Seventh Circuit

——————

No. 04-1679

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID SCOTT,

*Defendant-Appellant.*

——————

Appeal from the United States District Court
for the Central District of Illinois.
No. 99-30014—**Jeanne E. Scott**, *Judge.*

——————

SUBMITTED DECEMBER 20, 2004—DECIDED JULY 12, 2005

——————

Before COFFEY, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* The United States asks us to overrule *United States v. Campbell*, 294 F.3d 824 (7th Cir. 2002), which held that a district court possesses subject-matter jurisdiction to entertain a federal prisoner's post-judgment motion seeking grand-jury records that he thinks may undermine the validity of his conviction. See also *United States v. Campbell*, 324 F.3d 497, 499-500 (7th Cir. 2003) (concurring opinion). We postponed consideration of the United States' request pending the Supreme Court's

decision in *Gonzalez v. Crosby*, No. 04-6432 (U.S. June 23, 2005). *Gonzalez* shows that Scott's motion is a successive collateral attack. Because it must be dismissed for that reason, we leave to another day the question whether federal jurisdiction is available when the demand for grand-jury records does not seek to upset a conviction.

Scott's convictions for several drug-related offenses have been affirmed, see 267 F.3d 729 (7th Cir. 2001), the district court denied his motion for relief under §2255, and we declined to issue a certificate of appealability. No. 03-1862 (7th Cir. July 21, 2003) (unpublished order). So his opportunities for review have been exhausted, unless the conditions for a further collateral attack are met. See 28 U.S.C. §2244(b), §2255 ¶8. Unwilling to take no for an answer, however, Scott filed another motion in the criminal case, demanding to see the grand jury's records so that he could satisfy himself that 12 grand jurors, from a body of at least 16, had voted in favor of the indictment. The district judge conducted a review *in camera* and assured Scott that these requirements of Fed. R. Crim. P. 6(a)(1) and (f) had been fulfilled. Scott sought reconsideration, telling the judge that he wanted to conduct his own review because "the defendant here is challenging the legality, constitutionality and authenticity of the instant indictment." The district judge denied this motion.

*Campbell* holds that a request for grand-jury materials differs from a collateral attack. One might suppose that this implies a lack of jurisdiction, for once a criminal case ends in a sentence the judge's power lapses. See, e.g., *Carlisle v. United States*, 517 U.S. 416 (1996); *Eaton v. United States*, 178 F.3d 902 (7th Cir. 1999). A post-judgment motion needs a source of authority for the judge to act, and Fed. R. Crim. P. 6(e), which authorizes motions to inspect grand-jury materials *in* criminal cases, does not purport to authorize judges to act *after* the litigation has concluded. If the documents are relevant to some other pending case, then

authority to consider a request for access may be supplied by the ancillary jurisdiction. See, e.g., *United States v. Baggot*, 463 U.S. 476 (1983); *McDonnell v. United States*, 4 F.3d 1227, 1247-48 (3d Cir. 1993); *American Friends Service Committee v. Webster*, 720 F.2d 29, 71-72 (D.C. Cir. 1983); *United States v. Tager*, 638 F.2d 167, 171 (10th Cir. 1980); *Doe v. Rosenberry*, 255 F.2d 118 (2d Cir. 1958) (L. Hand, J.). See also Charles Alan Wright, 1 *Federal Practice & Procedure* §109 (3d ed. 1999). But Scott has no other proceeding under way, and his only option for launching one would be §2255.

*Gonzalez* holds that a motion under Fed. R. Civ. P. 60(b) must be treated as a collateral attack when the prisoner makes a "claim" within the scope of §2244(b). This means, the Court concluded, that a procedural argument (say, one about the statute of limitations) raised using Rule 60(b) is not a new collateral attack, but that an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned. See also, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000). The reasoning of *Gonzalez* does not depend on which rule the prisoner invokes; its approach is as applicable to post-judgment motions under Fed. R. Crim. P. 6(e) as it is to motions under Rule 60(b). Any contrary understanding in *Campbell* about the extent to which §2244(b) and §2255 ¶8 apply to post-judgment motions that do not bear the *label* "collateral attack" must yield to higher authority.

This means that, if Scott had sought the grand-jury materials out of academic interest, he would not have made a "claim" within the scope of §2244(b), and his motion would not have been a second collateral attack. Indeed, if he had sought the materials hoping that they would furnish the basis for a request to this court under §2255 ¶8, then the motion in the district court would not (yet) be a second collateral attack. (This is parallel to the holding of *Gonzalez*

that an effort to clear away the statute of limitations, so that a substantive challenge to the conviction could be launched, is not a "claim" under §2244(b).) But Scott did not stop with a request for documents. He told the district judge, point blank, that he "is challenging the legality, constitutionality and authenticity of the instant indictment." That is a "claim" for collateral relief under *Gonzalez* and initiated a second collateral attack.

Because Scott lacks this court's permission to pursue another collateral attack, the district judge should have dismissed it for lack of jurisdiction. See *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996). This jurisdictional failing makes it unnecessary for us to consider whether the lack of a pending case in which the requested information could be used is a second jurisdictional failing. That subject, the other half of *Campbell*, can be taken up if it matters to some future proceeding.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for lack of subject-matter jurisdiction. To the extent Scott's brief implies a request for authorization to commence another collateral attack, that request is denied because the conditions of §2244(b)(2) have not been satisfied.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
