**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2006[*]
Decided May 11, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-3177

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    v.<br><br>AMADOR RODRIGUEZ,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 90 CR 848 - 3<br><br>Suzanne B. Conlon,<br>*Judge.* |

**O R D E R**

Amador Rodriguez was convicted by a jury in 1991 of one count of conspiracy to distribute cocaine and sentenced to life in prison without parole. We affirmed his conviction and sentence. *See United States v. Flores*, 5 F.3d 1070 (7th Cir. 1993). While his direct appeal was pending, Rodriguez filed his first collateral attack under 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel at trial and sentencing. We also affirmed the district court's denial of Rodriguez's §

---

[*]After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

2255 motion. *See id.* Over a decade later, Rodriguez launched his second collateral attack in a document he titled "Petition Pursuant to 28 U.S.C. § 1651, 'The All Writs Act'" (the "2004 Petition"). In that petition, the subject of this appeal, Rodriguez challenged the form of his indictment and the sufficiency of the evidence at trial. Rodriguez acknowledged that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") barred him from bringing his claims in a successive motion under § 2255 because they arise from neither newly discovered evidence nor a new rule of constitutional law. He argued instead that § 1651 allows prisoners serving life sentences an opportunity to challenge their convictions despite AEDPA's procedural bars. The district court disposed of the petition in one sentence: "Defendant Rodriguez's petition pursuant to 28 U.S.C. § 1651 [244-1] is denied." Rodriguez appeals.

Regardless what he calls it, Rodriguez's 2004 Petition is an impermissible successive collateral attack under § 2255. We have consistently held that the substance of a prisoner's motion, not its caption, determines the source of authority for relief: "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Rodriguez's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. *See, e.g., United States v. Scott*, 414 F.3d 815, 817 (7th Cir. 2005); *Piaskowski v. Bett*, 256 F.3d 687, 691-93 (7th Cir. 2001). Thus it is a second collateral attack and, because Rodriguez has already litigated a § 2255 motion, he was required to obtain our permission before filing this subsequent action. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (establishing that successive bar applies even when first collateral attack filed pre-AEDPA). He did not. The district court therefore should have dismissed the action for lack of jurisdiction. *See Scott,* 414 F.3d at 817; *Lloyd,* 398 F.3d at 980.

We have treated Rodriguez's brief as an implicit request for permission to commence a second collateral attack. We deny that request, however, because, by his own admission, Rodriguez fails to satisfy the criteria for bringing a successive petition. *See* 28 U.S.C. §§ 2244(b)(2), 2255 ¶ 8.

Finally, we remind the government that it is not *our* jurisdiction at issue when a prisoner files an unauthorized successive collateral attack. *Lloyd*, 398 F.3d at 979. Nor is our jurisdiction dependent on a certificate of appealability. *Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003).

The judgment of the district court is VACATED, and the case is REMANDED with instructions to dismiss for want of jurisdiction.