[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16073
Non-Argument Calendar

_____

D. C. Docket No. 04-60130-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN EWART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 14, 2007)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Marvin Ewart, proceeding pro se, appeals the district court's denial of his

post-conviction motion for disclosure of all government witnesses' grand jury

testimony in support of the indictment against him and his co-defendants.[1]  Ewart

filed his post-conviction motion pursuant to Federal Rule of Criminal Procedure

6(e)(3)(E)(i), which provides: "The court may authorize disclosure -- at a time, in a

manner, and subject to any other conditions that it directs -- of a grand-jury matter:

. . . preliminarily to or in connection with a judicial proceeding[.]"  Fed. R. Crim.

P. 6(e)(3)(E)(i).  On appeal, Ewart contends that the district court erred by denying

his motion, because he demonstrated the particularized need required for disclosure

of the requested testimony.  We review the denial of a motion for disclosure of

grand jury materials under Rule 6(e) for abuse of discretion.  See United States v.

Burke, 856 F.2d 1492, 1496 (11th Cir. 1988).  After careful review, we affirm.[2]

---

[1]  We previously affirmed Ewart's convictions for conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846, and possession of a firearm in relation to a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A).  See United States v. Ewart, 164 Fed. Appx. 925 (11th Cir. 2006) (unpublished).

[2]  We are unpersuaded by the government's suggestion that the motion should have been dismissed, rather than denied.  The case on which the government relies, United States v. Scott, 414 F.3d 815 (7th Cir. 2005), is distinguishable.  In that case, when the defendant filed his motion for disclosure of grand jury materials, pursuant to Rule 6(e)(3)(E), he had already filed a motion for relief under § 2255, which had been denied.  The Seventh Circuit held that the request for disclosure, in which the defendant stated that he was "challenging the legality, constitutionality and authenticity of the instant indictment," constituted a second, or successive, collateral attack for which Scott did not have permission to proceed. Id. at 817.  Accordingly, the Seventh Circuit said the district court should have dismissed the motion based on a lack of jurisdiction, rather than denying it on the merits.  By contrast, in the instant case, when he filed his Rule 6(e)(3)(E) motion, Ewart had not sought relief on a collateral basis, under § 2255, or on any other basis for that matter.  And in his motion for disclosure, Ewart made no showing that the requested materials -- which involved no newly discovered evidence and implicated no new rule of constitutional law -- could make available to him permission to file a second or successive habeas petition.  Accordingly, we find Scott inapposite to our analysis.

2

The general rule is that grand jury proceedings are to be kept secret. <u>See</u> <u>United States v. Aisenberg</u>, 358 F.3d 1327, 1346 (11th Cir. 2004). Limited exception to the general rule may apply when the grand jury matter is sought "preliminarily to or in connection with a judicial proceeding," under Fed. R. Crim. P. 6(e)(3)(E)(i). In <u>United States v. Baggot</u>, 463 U.S. 476 (1983), the Supreme Court held that Rule 6(e)(3)(E)(i):

> contemplates <u>only</u> uses related fairly directly to some <u>identifiable</u> <u>litigation, pending or anticipated</u>. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. . . . If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under (C)(i) is not permitted.

<u>Baggot</u>, 463 U.S. at 480 (emphasis added). Moreover, a defendant's effort to obtain grand jury materials can only succeed with a showing of "particularized need." <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 683 (1958). The "particularized need" standard is not satisfied by bare, unsubstantiated allegations. <u>Cf.</u> <u>United States v. Cole</u>, 755 F.2d 748, 759 (11th Cir. 1985) (unsubstantiated allegations do not satisfy particularized need standard); <u>United States v. Warren</u>, 16 F.3d 247, 253 (8th Cir. 1994) (bare allegation that grand jury records are necessary did not satisfy "particularized need" requirement).

Here, when he filed his motion for disclosure, Ewart's criminal case had concluded and no other judicial proceedings were pending.[3] Nor did Ewart enumerate, in the motion, any "identifiable litigation, pending or otherwise," to which the requested materials "fairly directly" related. Id. Moreover, to the extent Ewart suggested the materials would undermine the credibility of certain government witnesses, his claims were unsubstantiated and nothing more than bare allegations. On this record, we discern no abuse of the district court's discretion in its denial of the motion for disclosure of the grand jury materials.

**AFFIRMED.**

---

[3]After the district court denied the Rule 6(e)(3)(E) motion, Ewart filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, on a wholly unrelated basis -- the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).