**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1006

_____

KASEEN DOBSON,
                              Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES MARSHAL SERVICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-06225)
District Judge: Honorable James Knoll Gardner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2017
Before:  SHWARTZ, GREENBERG and FISHER, Circuit Judges

(Opinion filed:  February 23, 2017)

_____

OPINION*

_____

PER CURIAM

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kaseen Dobson appeals pro se from the District Court's order dismissing his 28 U.S.C. § 2241 petition for lack of jurisdiction. We will summarily affirm.

## I.

Following a 2008 jury trial in the United States District Court for the Eastern District of Pennsylvania, Dobson was convicted of conspiracy to distribute crack cocaine (21 U.S.C. § 846), among other crimes, and sentenced to 300 months in prison. We affirmed his convictions and sentence. See United States v. Rawlinson, 433 F. App'x 99, 105 (3d Cir. 2011). The following year, he filed a motion to vacate under 28 U.S.C. § 2255, which the District Court denied on its merits. We declined to issue a certificate of appealability. See C.A. No. 16-1907. About a month later, he filed another § 2255 motion, which the District Court dismissed for lack of jurisdiction because he filed it without first obtaining our permission. Soon after, he filed this § 2241 petition, arguing that "his detention is unconstitutional and unlawful because the trial docket . . . fails to show and authenticate . . . . whether the indictment is really the act of the grand jury." He appeared to suggest that the indictment was defective because it was not signed by every member of the grand jury, and argued that the District Court lacked subject-matter jurisdiction as a result. The District Court similarly dismissed this petition as an unauthorized § 2255 motion, and this timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and "review de novo the District Court's dismissal of a habeas petition on jurisdictional grounds." Cardona v. Bledsoe,

2

681 F.3d 533, 535 (3d Cir. 2012).  We may summarily affirm the District Court where "it clearly appears that no substantial question is presented."  3d Cir. I.O.P. 10.6 (2015).

We detect no error in the District Court's dismissal of Dobson's § 2241 petition because his claim—which relates to the validity of his federal convictions—should have been asserted in a § 2255 motion.[1]  See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (challenge to district court's jurisdiction, asserted in a § 2241 petition, "falls within the purview of § 2255"); United States v. Scott, 414 F.3d 815, 817 (7th Cir. 2005) (challenge to the validity of a grand jury indictment, asserted in post-judgment motion seeking grand jury records, "initiated a second collateral attack [under § 2255]").  Because Dobson has already filed one § 2255 motion and lost on the merits, and has not obtained our permission before filing this petition, the District Court lacked jurisdiction to entertain another § 2255 motion.  See 28 U.S.C. § 2255(h); Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004).

Dobson may not use § 2241 instead "unless a § 2255 motion would be 'inadequate or ineffective,'" that is, "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538 (quoting Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)).  He has not made such a showing.  He continues to argue on appeal that

---

[1] Dobson argued that his petition "does not seek to challenge the validity of his conviction or sentence, rather, it only challenges the fact of his imprisonment."  But he was required to use § 2255 because he claimed "the right to be released [from custody] upon the ground that . . . the court was without jurisdiction."  28 U.S.C. § 2255(a).

the indictment was defective, and that this defect deprived the District Court of subject-matter jurisdiction.  But he has failed to identify any extraordinary circumstances or intervening change in the law, <u>see</u> <u>Cradle</u>, 290 F.3d at 539—or anything else—that would have prevented him from bringing his claim under § 2255.  Nor does the record reveal such a circumstance.  Accordingly, we will summarily affirm the judgment of the District Court.