ALD-338                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2441
_____

UNITED STATES OF AMERICA

v.

KENNETH V. MICHAEL,
                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:09-cr-00105-017)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 17, 2017
Before:  MCKEE, JORDAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 8, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kenneth V. Michael pleaded guilty to conspiracy to engage in money laundering, 18 U.S.C. § 1956(h), and conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846. He did not file a direct appeal. In 2015, Michael filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. While the § 2255 motion was pending, Michael moved to dismiss his criminal case for lack of subject matter jurisdiction, to compel production of grand jury materials, and for bail. Those motions were premised on Michael's contention that the grand jury that indicted him was in existence longer than permitted by law. The District Court denied those motions in separate orders entered on May 9, 2017.[1] Michael filed timely a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the District Court denied. Michael appealed.[2]

---

[1] The Government submitted responses to Michael's motions, but the responses were filed after the District Court had denied the motions.

[2] We have jurisdiction under 28 U.S.C. § 1291. A notice of appeal of the denial of a § 2255 motion must be filed within 60 days of the date of entry of the judgment or order appealed. Fed. R. App. P. 4(a)(1)(B); see also United States v. Scott, 414 F.3d 815, 817 (7th Cir. 2005) (stating that challenge to validity of indictment is akin to a collateral attack on conviction); United States v. Miramontez, 995 F.2d 56, 58 (5th Cir. 1993) (holding that post-judgment, post-collateral-relief request for grand-jury transcripts was "civil in nature" and governed by Rule 4(a)). But where, as here, a motion for reconsideration is timely filed with the District Court, the time for filing a notice of appeal does not begin to run until the district court enters an order disposing of the reconsideration motion. Fed. R. App. P. 4(a)(4)(A)(iv). Michael filed his motion for reconsideration within 28 days of the order denying his underlying motions. Fed. R. Civ. P. 59(e). Therefore, the 60-day period for appealing those denials did not commence until the District Court disposed of the Rule 59(e) motion for reconsideration. Because Michael's notice of appeal was filed within that 60-day period, it was timely as to both the denial of the underlying motions and the denial of his motion for reconsideration.

According to the Government, three grand juries were involved in returning indictments against Michael and his co-defendants. Michael was not named in the original indictment but, after the initial grand jury's term expired, he was included in a superseding indictment returned by a different grand jury. Contrary to Michael's claim, this procedure was not improper. See United States v. Maynard, 615 F.3d 544, 553 (D.C. Cir. 2010) (rejecting argument that indictment was invalid because it was returned by a grand jury whose term had expired where superseding indictment was "returned by a different grand jury"). Thus, the District Court correctly denied his motion to dismiss for lack of subject matter jurisdiction.

Because Michael's jurisdictional challenge failed, the District Court properly denied his request for bail. Cf. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (stating that bail pending post-conviction review is available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."). The District Court also properly denied Michael's motion to compel production of grand jury material because he failed to indicate how it would support his challenge to the indictment.[3] See United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989) (explaining the standards

---

[3] We note that the Government provided the beginning and ending dates for the grand juries and identified which grand jury returned indictments against which defendants.

3

governing disclosure of grand jury information). Finally, because Michael's arguments in his Rule 59(e) essentially reasserted claims made in his earlier motions, the District Court did not abuse its discretion in denying relief. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (identifying grounds required for reconsideration).

For the foregoing reasons, no substantial question is presented and we will summarily affirm the District Court's judgments.[4] See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[4] Michael's motion to file a supplemental response is granted, and we have considered the arguments raised in the supplemental response.