**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 4, 2019[*]
Decided February 1, 2019

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 19-1022 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | |
| | No. 12-cr-30239 |
| *v.* | |
| | David R. Herndon, |
| ANTWON D. JENKINS,<br>    *Defendant-Appellant*. | *Judge*. |

**O R D E R**

On February 24, 2017, we vacated Antwon Jenkins's conviction under 18 U.S.C. § 924(c)(1)(A)(ii) for using or carrying a firearm to commit a federal crime of violence. In so ruling, we relied upon *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), where we held that § 924(c)(3)(B) is unconstitutionally vague.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the record. *See* Fed. R. App. P. 34(a)(2).

On May 14, 2018, the Supreme Court vacated our judgment and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, a divided Court held that 18 U.S.C. § 16(b)—which increases the maximum sentence for a defendant convicted of illegally reentering the United States if convicted of an "aggravated felony" prior to removal—was unconstitutionally vague. The district court has stayed the resentencing proceedings while Jenkins's direct appeal pends.

On November 13, 2018, Jenkins moved to obtain copies of the grand jury transcripts in his case. Thirteen days later, he filed a motion requesting copies of several motions and briefs filed during his prosecution. In both motions, Jenkins explained that he requires the documents because he intends to file a petition for habeas relief under 28 U.S.C. § 2255 (notwithstanding the fact that his direct appeal is ongoing). The district court denied both motions. Jenkins promptly appealed. After review, we conclude that this appeal is successive to Jenkins's appeal in No. 14-2898.

We begin with Jenkins's request for copies of motions his attorney filed during the prosecution and related briefing. The district court denied the requests for three reasons. First, Jenkins failed to show that he exhausted alternative means of obtaining the documents (from his trial or appellate counsel, for instance). Second, Jenkins had not demonstrated his financial inability to obtain the documents through the normal course. Third, the district court found that a "defendant must first file a 28 U.S.C. § 2255 petition in order to obtain documents."

The last finding was erroneous: our case law clearly establishes that a petitioner may seek and obtain court records in anticipation of filing a § 2255 petition. *See Rush v. United States*, 559 F.2d 455, 458 (7th Cir. 1977) (finding that indigent petitioners who lack other avenues of access possess "an absolute personal right to reasonable access to the pre-existing files and records of their underlying case" at public expense). But the district court's alternative bases for denying the motion were permissible. In *U.S. ex rel. Davidson v. Wilkinson*, we approvingly noted that the district court required the defendant to "exhaust his private sources of access to transcripts and records" and further mentioned the relevance of "financial resources." 618 F.2d 1215, 1218 & nn.3–4 (7th Cir. 1980). Jenkins is presently represented by counsel; he should direct his request to them.

Jenkins has also requested transcripts of the grand jury testimony of certain witnesses. Under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), the district court may authorize disclosure of grand jury documents "preliminary to or in connection with a

judicial proceeding." That rule allows for "motions for disclosure of grand jury matters after the conclusion of criminal proceedings." *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002). But disclosure in that scenario is "available only where the material is related directly to identifiable litigation, pending or anticipated, and the party requesting the information demonstrates a *compelling* need for the material." *Id.*

Jenkins contends that he needs the grand jury transcripts to prepare his a § 2255 habeas petition. But he fails to show a compelling need for the transcripts for two reasons. First, Jenkins's direct appeal is still pending, and so any petition under § 2255 would be premature. *See United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993) ("[A]bsent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending."). Second, Jenkins has not explained why he needs the grand jury transcripts to *prepare* the initial § 2255 petition. As evidenced by his fifteen-page motion requesting the transcripts, he is already fully capable of articulating his theory of error (which appears to involve a violation of the compelled-testimony doctrine established in *Kastigar v. United States*, 406 U.S. 441 (1972)). After filing his petition, Jenkins will be better able to demonstrate the need for the transcripts, and the district court will be better positioned to review their materiality. The district court properly denied his motion.

We AFFIRM the district court's denial of Jenkins's motions for court records and grand jury transcripts.