**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2022[*]
Decided July 20, 2022

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3140

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:17-CR-30047-NJR-1 |
| ALFRED L. CROSS, *Defendant-Appellant.* | Nancy J. Rosenstengel, *Chief Judge.* |

**O R D E R**

Alfred Cross, a federal inmate at FCI Butner in North Carolina, moved to disclose the grand jury documents underlying his indictment on five counts of bank fraud. The district court denied his request. Because Cross did not articulate a reason for needing the documents, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

For about four years, Cross defrauded a string of banks in small towns across southern Illinois. His scheme ran like this: Cross convinced bank employees he was financially successful and sought to do business in the town, opened an account purportedly for that purpose, deposited checks from out-of-state accounts he controlled, and withdrew the funds before the bank realized the checks were bad. He stole in total more than $500,000.

Cross was indicted by a grand jury on five counts of bank fraud, *see* 18 U.S.C. § 1344(1), though the indictment contained a clerical error. The charging document that the grand jury returned was styled as a "superseding" indictment, despite being the original. (There had been a previous information but no previous grand-jury indictment.) The court acknowledged this mislabeling three times during the proceedings. First, at Cross's arraignment, the court informed Cross the "charging document against [him] was mislabeled. Nothing in it—just the label they put on it," and the court then struck the word "superseding" and directed the clerk's office to refer to the document simply as the indictment. At another hearing a year later, the court again acknowledged the mistake and referenced its previous order to refer to the document as the indictment. Finally, at Cross's change of plea hearing, the court once more addressed the erroneous designation—this time explaining that the indictment superseded the previous information but that there had not been a previous indictment.

Cross unconditionally pleaded guilty to all five counts of bank fraud in the indictment. He was sentenced at the top of the applicable guidelines range to 78 months in prison. We affirmed his conviction and sentence on appeal. *United States v. Cross*, 962 F.3d 892, 895 (7th Cir. 2020).

After judgment was entered, Cross twice moved to disclose grand jury documents relating to his indictment. *See* FED. R. CRIM. P. 6(e). In his first motion, Cross argued that he needed a copy of the grand jury documents "to prepare and file a document/motion with this Court in the near future." The district court denied the motion because "[g]rand jury proceedings may only be disclosed . . . in limited circumstances, such as in connection with a pending judicial proceeding" and Cross did "not indicate a currently pending proceeding" for which he needed the materials. Cross filed a second motion, this time pointing to a pending judicial proceeding—an ongoing appeal of a previously denied motion for compassionate release based on the COVID-19 pandemic. Cross also contended that he needed the grand jury materials because he

discovered that he was charged on a "'superseding indictment,' not an indictment as required" and thus, he believed he "was prosecuted by an imaginary indictment."

The district court denied Cross's second motion for three reasons. First, Cross did not need the grand jury materials to challenge his indictment because he had not identified a problem with the grand jury proceedings, he argued only that the indictment was mislabeled. In any case, the court added, Cross's argument that the mislabeling of the indictment invalidated his conviction lacked merit. As the court explained multiple times during the proceedings, only one indictment against him existed; the mislabeling referred to the fact that the indictment superseded a previous information. Third, the court observed that even if Cross had presented a particularized need for the document, his request would be denied because he asked for the entire transcript rather than limiting his request to only the materials needed.

Cross appealed and, a few months later, filed his first motion under 28 U.S.C. § 2255 to collaterally attack his conviction as unsupported by a valid indictment.

Before we address the merits of Cross's appeal, we consider the government's argument that the district court lacked jurisdiction to decide the motion. A post-judgment motion for grand-jury materials, like this one, "needs a source of authority for the judge to act, and [Federal Rule of Criminal Procedure] 6(e), which authorizes motions to inspect grand-jury materials *in* criminal cases, does not purport to authorize judges to act *after* the litigation has concluded." *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). When the motion is filed "preliminarily to or in connection with" another judicial proceeding, however, the district court has ancillary jurisdiction to consider the request. FED. R. CRIM. P. 6(e)(3)(E)(i); *see United States v. Baggot*, 463 U.S. 476, 480 (1983) (explaining that courts can consider Rule 6(e) motions when primary purpose of disclosure is to prepare an anticipated judicial matter); *Scott*, 414 F.3d at 816.

The district court believed it had jurisdiction over Cross's motion for grand-jury materials because, in its view, Cross's request pertained to his pending appeal of his denied motion for compassionate release. But that cannot be. Cross's motion for compassionate release was based solely on his risk of serious illness from COVID-19, a matter altogether unrelated to his grand jury proceedings. Thus, his Rule 6(e) motion was not "in connection with" his compassionate release appeal.

Even so, the district court had jurisdiction over Cross's request, which he filed in anticipation of another judicial matter—his imminent § 2255 motion. As described above, courts can consider Rule 6(e) motions filed "preliminarily to" a judicial matter so long as the "primary purpose of disclosure is . . . to assist in preparation . . . of a judicial proceeding." *Baggot*, 463 U.S. at 480; *see also United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (Rule 6(e) "allows motions for disclosure of grand jury matters after the conclusion of criminal proceedings" when "the material is related directly to identifiable litigation, pending or anticipated."). Here, Cross said in his second motion that he wanted the materials to challenge his conviction as unsupported by a valid indictment. At the time he filed these motions, he was within the one-year window to launch such an attack under § 2255. Thus, the court could consider the request.

On the merits, the district court did not abuse its discretion in denying Cross's motion. To obtain grand jury materials, a movant "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed." *United States v. Tingle*, 880 F.2d 850, 855–56 (7th Cir. 2018) (citing *Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979)). Cross did not meet this bar. As the court explained, Cross did not articulate a reason for needing the materials, which were unnecessary for challenging his indictment based on its mislabeling. Nor did he structure his request to cover only necessary documents. *See id.* And, in any case, Cross could not have used the materials to attack his indictment given that (1) he likely waived any procedural defect in his indictment by unconditionally pleaded guilty to it, s*ee United States v. Adame-Hernandez*, 763 F.3d 818, 825 (7th Cir. 2014), and (2) a judge is permitted to correct clerical errors in a charging document, *United States v. Muresanu*, 951 F.3d 833, 839 (7th Cir. 2020).

AFFIRMED