**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL G. TERRELL,

Defendant - Appellant.

No. 00-3295

(D.C. No. 00-CV-3135-MLB)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant was convicted by a jury of multiple drug-related offenses. He appealed, arguing that evidence used to convict him had been unlawfully obtained. This court considered and rejected those arguments, thereby affirming

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the concurrent 120-month sentences that had been imposed. See United States v. Terrell, 172 F.3d 880, No. CR-97-10061-01, 1999 WL 107083 (10th Cir. Feb. 26, 1999). Appellant then brought a collateral action challenging his sentence by motion under 28 U.S.C. § 2255. After the district court denied that motion, Appellant filed motions for reconsideration. This pro se appeal follows the district court's subsequent denial of those motions.

As a preliminary matter, we clarify that Appellant did not timely appeal the order that denied his § 2255 action on the merits. That order was entered June 26, 2000, and the time period for filing appeals began to run on that date. See Jenkins v. Burtzloff, 69 F.3d 460, 461 (10th Cir. 1995). The certificate of service attached to the notice of appeal is dated September 4, 2000. Under the "prisoner mailbox rule," that is the date on which the document is deemed filed. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 275-76 (1988). Appellant did not timely appeal the denial of his § 2255 motion because the September 4th filing was beyond the 60-day deadline for appealing the final order entered June 26th. See Fed. R. App. P. 4(a)(1)(B).

Nonetheless, the notice of appeal was timely filed with regard to the district court's order dated August 28, 2000, denying the motions for reconsideration. Thus, that order was appropriately referenced in the notice of appeal. See Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1178 (10th Cir. 2000).

We have consistently held that the Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." See Hatfield v. Board of County Comm., 52 F.3d 858, 861 (10th Cir. 1995). When reviewing a motion that has been identified as a motion for reconsideration, we "construe[] such a filing in one of two ways." Id. A motion filed within ten days of the entry of judgment is "treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)." Id. On the other hand, a motion filed after the ten-day deadline is "considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b)." Id. In this case, because the motions were both filed after the ten-day deadline, which we calculate to have been July 11, 2000,[1] we construe the motions as motions for relief under Fed. R. Civ. P. 60(b).

We review the disposition of rule 60(b) motions for an abuse of discretion. See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 992 (10th Cir. 1999). "Under this standard, we will not reverse unless the trial court has made 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" Id. (quotation omitted).

Appellant's requests for reconsideration were based on an allegation that counsel had been inadequate for failing to investigate an altercation at a police

---

[1] Under Fed. R. Civ. P. 6(a), we exclude weekends and intermediate holidays when computing the 10-day period.

station involving Appellant. Appellant's theory appears to be that, if counsel would have investigated this altercation, counsel would have discovered that some officers had a motive to plant evidence. The district court explained that this allegation does not affect the outcome of the case. All other claims raised in the motions for reconsideration were denied because they had not been included in the original § 2255 motion. Having reviewed the record on appeal, we determine that the district court's denial of the motions for reconsideration was reasonable and did not constitute an abuse of discretion.

As a final matter, we must rule on Appellant's request for a certificate of appealability. The district court denied Appellant's request. We grant a certificate when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). In making that judgment, we decide whether "reasonable jurists could debate" the merits of the petition. Slack v. McDaniel, 529 U.S. 473, 475 (2000). Having reviewed the record, we are in agreement with the district court that Appellant's allegations do not merit a certificate of appealability.

The request for a certificate of appealability is **DENIED** and the appeal is

**DISMISSED**.

Entered for the Court

Monroe G. McKay
Circuit Judge