Brian T. WILLIAMS, Applicant,

v.

UNITED STATES of America, Respondent.

No. 04–1758.

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2004.

Decided April 22, 2004 [1].

Brian T. Williams, #11751–026, Terre Haute, IN, pro se.

Linda L. Mullen, Office of the United States Attorney, Rock Island, IL, for Respondent.

Before POSNER, RIPPLE, and ROVNER, Circuit Judges.

PER CURIAM.

Brian Williams did not appeal his 240–month sentence for participating in a drug trafficking conspiracy. However, after the time to appeal expired, he filed a motion to withdraw his guilty plea. The district court construed the filing as a motion under 28 U.S.C. § 2255 and Williams filed a motion to amend his pleadings, which the court granted. Ultimately, the district court denied collateral relief, *Williams v. United States*, No. 01–4016 (C.D. Ill. June

1. This opinion is being released in typescript; a printed version will follow.

19, 2001), and this court denied Williams' request for a certificate of appealability. No. 01–3298 (7th Cir. Nov. 21, 2001). Now Williams has filed an application for an order pursuant to 28 U.S.C. § 2244(b)(3) authorizing the district court to consider a second or successive collateral attack.

 Relying on *Castro v. United States,* —— U.S. ——, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), Williams argues that he need not obtain authorization because he did not receive adequate notice of the consequences of pursuing his motion under § 2255. Under *Castro,* decided two years after the events at issue here, a district court may not "recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs that litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant an opportunity to withdraw, or to amend, the filing." *Id.* at 789. The record clearly establishes that the district court notified Mr. Williams of its intent to recharacterize his motion and allowed him to add claims to the recharacterized motion. The application, however, does not show that the district court warned Williams about the consequences of recharacterization under § 2255 ¶ 8. Assuming the district court did not warn Williams about the restrictions on second or successive collateral attacks, the warnings were inadequate under *Castro* and, thus, the prior proceeding does not count for purposes of § 2255 ¶ 8.

Accordingly, we DISMISS as unnecessary Williams' application for leave to commence a successive collateral attack.