

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2005

# In Re: Salemo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Salemo " (2005). *2005 Decisions*. Paper 1213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
NO. 04-1530

_____

IN RE:  GEORGE SALEMO,
                                               Petitioner

_____

On an application pursuant to 28 U.S.C. §§ 2255 and 2244
to file a second or successive motion to vacate sentence
under 28 U.S.C. § 2255

_____

Submitted Under Third Circuit LAR 34.1(a) on January 13, 2005

Before: ROTH and CHERTOFF,[*] <u>Circuit</u> <u>Judges</u>, and IRENAS,[**] <u>District Judge</u>

(Filed: May 11, 2005)

_____

OPINION

_____

<u>ROTH</u>, CIRCUIT JUDGE

Petitioner George Salemo was convicted in October 1993 of two counts of bank

fraud in violation of 18 U.S.C. § 1344.  In March 1994, before he was sentenced, Salemo

_____

[*]This case was submitted to the panel of Judges Roth, Chertoff and Irenas.  Judge Chertoff resigned after submission, but before the filing of the opinion.  The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

[**]Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

filed a pro se motion pursuant to Fed. R. Crim. P. 33 claiming that counsel was ineffective. As it was untimely under Rule 33, the District Court construed the motion as one filed pursuant to 28 U.S.C. § 2255. Salemo was sentenced in April 1994 to 96 months imprisonment. The District Court then denied his § 2255 motion. Salemo separately appealed his conviction and sentence, and the denial of his § 2255 motion. Having concluded that the sentencing colloquy was inadequate, we affirmed Salemo's conviction and the order denying his § 2255 motion, but remanded for resentencing. United States v. Salemo, 61 F.3d 214 (3d Cir. 1995). Salemo was resentenced on December 14, 1995 to 87 months imprisonment to be served consecutively to a 120-month term of imprisonment imposed by a federal District Court in Arizona for a similar scheme. We affirmed the new sentence by Judgment Order. United States v. Salemo, 91 F.3d 127 (3d Cir. 1996) (table).

Salemo unsuccessfully sought to challenge his conviction and sentence over the course of the next several years through the filing of a petition pursuant to 28 U.S.C. § 2241 and several applications for leave to file a second or successive motion under 28 U.S.C. § 2255. In his most recent application, the one currently before the Court, Salemo seeks leave to file a second or successive motion to vacate sentence under § 2255 on the basis of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003).

In Castro, the Supreme Court held that "the District Court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this

2

recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions. § 2255, ¶ 8." Id. at 383. The Supreme Court further concluded that its "'supervisory power' determinations normally apply, like other judicial decisions, retroactively, at least to the case in which the determination was made." Id. We appointed counsel for Salemo and directed the parties to address how the Supreme Court's decision in Castro impacts Salemo's application. Briefing is completed and the application is now ripe for disposition.

Salemo argues that, like the petitioner in Castro, he has been denied his constitutional and statutory right of access to the court as a result of the District Court's improper "re-characterization" of his Rule 33 motion as one filed pursuant to § 2255. Petitioner insists that, given the factual similarities between his case and that at issue in Castro, this Court must restore his right to challenge his conviction and sentence in a § 2255 proceeding. The government concedes that, under Castro, the District Court acted improperly in recharacterizing Salemo's motion for a new trial as a motion under 28 U.S.C. § 2255, and that Salemo should therefore be permitted to file a § 2255 motion in the District Court. See Respondent's Brief at 21. Accordingly, the government suggests

that the instant application should be denied as unnecessary on the grounds that Salemo never filed a previous § 2255 motion. The government further asserts that, in the interest of justice, it will not raise a statute of limitations defense to a single, comprehensive § 2255 motion filed by Salemo in the District Court following the conclusion of this action.

We agree with the parties' contentions regarding the applicability of Castro. Because Salemo has never filed a motion pursuant to § 2255, he does not need our authorization to proceed with such a motion. See Williams v. United States, 366 F.3d 438, 439 (7th Cir. 2004). Therefore, Salemo's application for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255 is denied as unnecessary.

———————————————————