UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 10, 2006[*]
Decided February 24, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1934

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 02-CR-048-S-01 |
| GERSON REYNOSO-REYES, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

Gerson Reynoso-Reyes pleaded guilty to one count of conspiring to distribute MDMA, or Ecstacy, in violation of 21 U.S.C. § 841(a)(1).  In December 2002 the district court sentenced him to 100 months' incarceration.  He did not appeal or otherwise challenge his conviction or sentence in the two years that followed.  Then in March 2005, Reynoso-Reyes filed a motion "to dismiss my case" on the ground that, when he was arrested, he was not informed of his right under the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, to

---

[*] The government was not served with process in the district court and is not participating in this appeal.  After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

consult with his nation's consul.  (Reynoso-Reyes describes himself as an "alien" but does not identify his nationality.)  The district court denied the motion without analysis, noting only that Reynoso-Reyes "may file a motion under 28 U.S.C. § 2255 to challenge his conviction although it may be deemed untimely."  Reynoso-Reyes appeals this denial.

The Supreme Court has granted certiorari in two cases to decide whether the Vienna Convention confers rights enforceable by a defendant in a criminal case, and, if so, what remedy is available for violations of its article on consular notification.  *See Sanchez-Llamas v. Oregon*, 108 P.3d 573 (Or. 2005), *cert. granted*, 126 S.Ct. 620 (2005); *Bustillo v. Johnson*, No. 042023 (Va. Mar. 7, 2004) (unpublished order), *cert. granted*, 126 S.Ct. 621 (2005).  But Reynoso-Reyes' motion suffers from an obvious procedural defect.  What Reynoso-Reyes seeks is "immediate dismissal of the indictment," and thus he necessarily contends that he was convicted and sentenced "in violation of the Constitution or laws of the United States."  *See* 28 U.S.C. § 2255 ¶ 1; *United States v. Scott*, 414 F.3d 815, 816-17 (7th Cir. 2005).  And as we have held, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."  *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original); *see also United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005); *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2001).  Thus, the district court should have acknowledged that Reynoso-Reyes' request for "immediate dismissal of the indictment" is really a mislabeled motion under § 2255.  The court also should have made that fact known to Reynoso-Reyes, given him the chance to withdraw the motion or to amend it to include all possible § 2255 claims, and warned him about the restrictions on "second or successive" motions should he decide to proceed.  *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005); *Williams v. United States*, 366 F.3d 438, 439 (7th Cir. 2004).  Accordingly, we VACATE the decision of the district court and REMAND with instructions to treat Wilson's filing as motion under § 2255.