**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICARDO JOSE SUAREZ also
known as Rick Erevia,

Defendant-Appellant.

No. 05-8120

(D. of Wyo.)

(D.C. Nos. 04-CV-211-ABJ and
02-CR-45-ABJ)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

_____

Ricardo J. Suarez, a federal prisoner appearing pro se, appeals the district

court's denial of his motion for relief from judgment pursuant to Fed. R. Civ. P.

60(b).  He argues the district court should not have dismissed his original 28

_____

[*]  This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

U.S.C. § 2255 habeas corpus petition as time-barred under the applicable one-year limitations period. We affirm.

## I. Background

In July 2002, Suarez pled guilty to conspiracy with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), b(2)(B) and 846 and was sentenced to 200 months incarceration. He did not file a direct appeal but did file four separate pro se motions beginning in May 2003. Each of these motions was ultimately denied. In July 2004, he filed a habeas petition pursuant to 28 U.S.C. § 2255, alleging that his counsel was ineffective. The district court dismissed his ineffective assistance motion as time-barred.[1]

Suarez then requested this court for permission to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244, which we denied. Finally, he filed the action serving as the subject of this appeal: a Rule 60(b) motion, asserting that the district court erred in denying his habeas petition. To this end, he made two distinct arguments. First, he suggested equitable tolling should apply, arguing that his § 2255 petition, although untimely, should relate back to his pro se motions in May 2003, as such motions were inartfully drafted

---

[1] Suarez also asserted in this petition that his sentence was illegal under the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004). The district court rejected this argument, holding that *Blakely* is not retroactively applicable to initial habeas petitions. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). Suarez does not appeal this ruling.

attempts to assert a § 2255 petition. In any event, he also argues, the district court should have sua sponte notified him of the need to file a habeas petition before such a petition became untimely.

The district court rejected both arguments and denied his Rule 60(b) motion. It reasoned that his previous motions simply requesting document production and evidentiary hearings could not be reasonably construed to challenge the constitutionality of his criminal conviction and sentence. Moreover, the court found no reason for equitable tolling of the limitations period.

## II. Analysis

The Supreme Court recently held that a 60(b) motion alleging a "defect in the integrity of the federal habeas proceedings" under § 2254 is not the equivalent of a second or successive habeas proceeding. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 (2005). Applying this standard, the Court permitted a habeas petitioner to bring a Rule 60(b) motion challenging the district court's denial of his habeas claim as time-barred. *Id.* at 2650.

Suarez makes a similar argument here: the district court's erroneous application of the limitations period precluded review of his § 2255 claim on the merits. Thus, because Suarez alleges a defect in the integrity of the habeas proceedings, his claim is not the equivalent of a successive habeas petition. *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (extending the reasoning

-3-

of *Gonzalez* to § 2255 motions which implicate similar concerns of successiveness); *United States v. Bell*, 159 F. App'x 48, 50 (10th Cir. 2005) (unpublished) (same). We review his claim accordingly.

Rule 60(b)(1) permits a district court to provide relief to a criminal defendant from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." We review the denial of a 60(b) motion for abuse of discretion. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Although a district court is to construe a pro se petitioner's pleadings liberally, Suarez's motions in May 2003 were simply insufficient to put the district court on notice that he intended to challenge the constitutionality of his conviction or sentence. Moreover, Suarez recognized in one such motion that a timely habeas petition required filing before August 2003. As such, we cannot have reasonably expected the district court to have further notified Suarez regarding his need to submit a habeas petition in a timely manner.

Nor is there any reason to subject Suarez's habeas petition to equitable tolling. Equitable tolling could be appropriate where "a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances –

prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citations omitted). Suarez contends he is factually innocent of the violent crime of burglary, which served as a predicate offense to enhance his sentence. After reviewing the record, we agree with the district court that Suarez is not entitled to equitable tolling on this ground. This court previously refused to authorize a second or successive habeas petition for exactly the same reasons, and we find no reason to disrupt that ruling here. We are equally unpersuaded that Suarez's skeletal petitions should have tolled the limitations period. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted).

### III. Conclusion

Accordingly, because the district court did not abuse its discretion in denying Suarez's 60(b) motion, we AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge